## SNYDER *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 35, September Term, 1961.]

*Decided November 20, 1961.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Per Curiam.

The petitioner was convicted in 1955 in the Circuit Court for Washington County for the crimes of statutory rape and perverted sex practices. He was sentenced to ten years on the first charge and to two years on the second, the sentences to run consecutively.

In 1959, Snyder filed a petition in the same Circuit Court under the Post Conviction Procedure Act, in which his primary complaint was that he had not been present in the courtroom when the jury had returned its verdicts. Snyder specifically requested in his petition that Judge McLaughlin, who had presided at his trial, not be present at the hearing.

Subsequently a hearing was held before Judge Fraley on the petition. At that hearing Judge McLaughlin appeared and testified that Snyder had indeed been in the courtroom when the jury returned its verdicts. Snyder's trial counsel and the State's Attorney who prosecuted Snyder testified similarly. Judge Fraley thereafter dismissed the petition, and Snyder did not seek leave to appeal from that dismissal.

Now Snyder has filed a second petition in the same court, in which he reiterates his former complaint, complains of several matters which he could have raised in his original petition, and further complains of Judge McLaughlin's testifying against him at his hearing.

Judge Fraley dismissed the second petition, and Snyder now seeks leave to appeal to this Court.

As Judge Fraley found in his memorandum opinion, all of Snyder's present complaints, with the exception of the one relating to Judge McLaughlin's testimony, either were raised in the original Post Conviction petition or could reasonably have been. They are no longer, therefore, grounds for relief under the Act. Code (1960 Supp.), Art. 27, Sec. 645H; *Hobbs v. Warden*, 219 Md. 684, 686. As to the complaint relating to Judge McLaughlin's testimony, neither the petitioner nor his counsel objected to such testimony at the hearing, and the

petitioner did not seek leave to appeal from the dismissal of that petition. Moreover, Code (1960 Supp.), Art. 27, Sec. 645G, does not, as Snyder maintains, prohibit the judge who presided at a petitioner's trial from testifying at his Post Conviction hearing; it merely prohibits him from presiding at the hearing without the petitioner's consent.

*Application denied.*