FISHER *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 16, September Term, 1962.]

*Decided October 31, 1962.*

Before the full Court.

HAMMOND, J., delivered the opinion of the Court.

The applicant, Fisher, on September 22, 1961, was convicted of robbery with a deadly weapon by Judge Joseph L. Carter of the Supreme Bench of Baltimore City, sitting without a jury. In his petition for relief under the Uniform Post Conviction Procedure Act, Fisher alleged that: (i) he is innocent; (ii) the evidence was insufficient to sustain the conviction; (iii) the trial court was biased and imposed a cruel and unusual sentence; (iv) the State withheld material evidence in that a certain confession made by a codefendant "was shown to the Prosecuting Attorney who rejected it and refused to present it to the Court for the record"; and (v) he was denied his right to appeal in that he withdrew his appeal "under duress and pressed for legal aid." At a hearing at which the petitioner was represented by counsel, Judge James K. Cullen, before whom the post conviction hearing came, dismissed the petition for reasons stated in a memorandum accompanying his order, in accord with Rule BK45 (b) of the Maryland Rules. In this application for leave to appeal, Fisher renews the contentions made in his petition.

As to the applicant's first two contentions, it is well established that the sufficiency of the evidence, and the question of guilt or innocence, can be raised on appeal, but neither is available for post conviction relief. *Fisher v. Warden,* 225 Md. 642; *Wilson v. Warden,* 222 Md. 580; *Barbee v. Warden,* 220 Md. 647.

Likewise, the applicant's assertion of bias on the part of the trial court is not a ground for relief under the Act, but it is available for consideration on appeal. *Price v. Warden,* 220 Md. 643. Nor can the assertion that the alleged bias caused the trial court to hand down a cruel and unusual sentence be maintained, since the sentence, both as originally imposed and as reduced, was within the maximum prescribed by the statute under which the conviction was obtained. Code (1957), Art. 27, Sec. 488; *Wallace v. Warden,* 226 Md. 670; *Frazier v. Warden,* 223 Md. 686.

We find no merit in the applicant's contention that the State withheld material evidence when the prosecuting attorney refused to submit a confession of a codefendant to the court.

Judge Cullen, after an investigation of the matter, found that "the Defendant, through his counsel, was well aware of the alleged statements of the codefendant and could have offered it in evidence had it been material." Fisher, having had the opportunity to introduce the confession into evidence, cannot now be heard to complain that the State suppressed it. *Duffin v. Warden,* 224 Md. 645. *Cf. Brady v. State,* 226 Md. 422.

The most serious claim Fisher makes in his application is that he was deprived of his right to appeal. In this regard, the applicant says in his petition at page 5:

> "On the 7th day of October Nineteen hundred sixty one, your petitioner was visited by his Attorney Morris Lee Kaplan. His visit was of importance because the Honorable Judge Carter sent him to tell me he would cut my sentence to ten (10) years if I withdraw my appeal. I consented because ten (10) years is better than twenty (20) and also thanked Judge Carter—I knew I forfeited my right to the appeal and withdrew my appeal on strength of being under duress and pressed for legal aid. On the 13th day of October Nineteen hundred sixty one—I signed a paper—stating I withdraw my appeal. On the 19th day of October Nineteen hundred sixty one—I received a letter from my Attorney, also the Honorable Judge Joseph L. Carter. There had been a change in my sentence—which meant my sentence had been changed from twenty (20) years to ten (10) years."

The docket entries show that a sentence of twenty (20) years was imposed on September 22, 1961, that an appeal in proper person was entered on September 28, 1961, that the appeal was withdrawn on October 18, 1961, and that there was a reduction of sentence from twenty (20) to ten (10) years on October 24, 1961. In dismissing this contention, Judge Cullen said only this: "The sentence was not cruel or unusual, and the petitioner knowingly waived his right of appeal. He did not complain of his counsel, and he was fully aware of the consequences of his appeal."

We have recognized that interference with an attempt to

appeal by an official of the State justifies a delayed appeal. *Beard v. Warden,* 211 Md. 658, and cases cited therein. See also *Spencer v. Warden,* 222 Md. 582, and *Lloyd v. Warden,* 217 Md. 667. If Fisher's allegation that he was in effect coerced, or at the least, induced, by Judge Carter's offer to abandon the appeal, to which he had a right, can be established, it is clear that this would constitute an unwarranted interference with the petitioner's right to appeal, and he would be entitled to a delayed appeal.

The contention, because of its nature, is not susceptible of determination from the record, there having been no taking of testimony at the hearing on the petition nor any determination of fact on the point by Judge Cullen; therefore, we find it necessary to remand the case for a hearing to determine whether the allegations of Fisher are true. If the trial court determines that the allegations are true, the Clerk of the Criminal Court of Baltimore should promptly prepare and forward to this Court the record in the case, as a delayed appeal.

> *Application for leave to appeal granted and case remanded for further proceedings in conformity with the views herein expressed.*