SEWELL *v.* WARDEN OF MARYLAND
PENITENTIARY

[App. No. 87, September Term, 1963.]

616

*Decided May 29, 1964.*

Before the entire Court.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post conviction relief, the petitioner was convicted of first degree murder on March 13, 1962, before Judges Schnauffer and Shure and a jury, and sentenced to life imprisonment. He was represented by court-appointed counsel, but took no appeal. In October, 1962, a petition for post conviction relief was denied

by Judge Morgan Harris, after a hearing at which the petitioner was represented by court-appointed counsel. There was no application for leave to appeal. On January 2, 1963, the petitioner filed a habeas corpus proceeding in the Federal District Court before Chief Judge Thomsen. Relief was denied on the ground that the petitioner had not exhausted his State remedies.

On August 26, 1963, a second State post conviction proceeding was instituted and came on for hearing before Judge Anderson. Counsel was appointed and a hearing held, at which the petitioner was present, despite the fact that the State's Attorney moved to dismiss on the ground that no new matter was presented. It appears that no order was passed by Judge Anderson as a result of the hearing. Nevertheless the petitioner, in proper person, applied to this Court on August 29, 1963, for leave to appeal from what he termed a denial of post conviction relief.

In a letter filed in the record Judge Anderson said: "* * * I indicated that I would grant Sewell leave to prosecute an appeal to the Court of Appeals from Judge Harris' decision, even though the time within which he could appeal had long since elapsed. * * * Both he and Mr. Summers [his attorney] informed the court that they would like additional time to think over whether or not he would proceed with the case, in view of the fact that if he were afforded a new trial he might be subject to greater punishment. My error was in not hearing the case at that time and making a final disposition, since the Docket Entries will now show no order passed by me. There is a complete record of all of the proceedings before Judge Harris, including a transcript of the testimony."

We think Judge Anderson erred primarily in failing to grant the State's motion to dismiss. There is nothing in the present petition to indicate that it includes any contention not brought forward in the first petition. It is plainly stated in Code (1963 Supp.), Art. 27, sec. 645 H that "All grounds for relief claimed by a petitioner under this subtitle must be raised in his original or amended petition, and any grounds not so raised are waived unless the court finds in a subsequent petition grounds for relief asserted therein which could not reasonably have been

raised in the original or amended petition. If the court finds there are no such grounds for relief, the court, after a response to the petition has been filed by the State, may forthwith dismiss the petition without a hearing or appointment of counsel." See also Rule BK48; *Lloyd v. Warden,* 233 Md. 644, 645; *Smallwood v. Warden,* 231 Md. 652, 653; *Snyder v. Warden,* 227 Md. 644, *cert. den.* 368 U. S. 1001. Even if there had been additional contentions, there was no showing that they could not have been raised in the first petition. Rule BK46 a provides that applications for leave to appeal from denials of post conviction relief must be filed within thirty days from the passage of the order appealed from.

Since there was no order filed in the court below, we should, perhaps, dismiss the application as premature. *Cumberland v. Warden,* 225 Md. 636. However, since this would merely prolong the case without serving any useful purpose, we are constrained to treat Judge Anderson's action in the same way as it was treated by the petitioner, as a denial of post conviction relief, and affirm that denial. We find nothing in the statute to authorize a trial judge to grant a belated appeal from the post conviction action of one of his colleagues. An application for leave to appeal must be addressed to this Court under sec. 645 I. We have held that such an application should be denied by this Court if not filed within the time required. *Bynum v. Warden,* 230 Md. 631.

The instances in which belated appeals in criminal cases usually have been allowed are those in which a timely direct appeal was attempted, but thwarted by the action of State officials. See *Bernard v. Warden,* 187 Md. 273, 282, and *Coates v. State,* 180 Md. 502. See also *Beard v. Warden,* 211 Md. 658, 661, *Lloyd v. Warden,* 217 Md. 667, 670, *Spencer v. Warden,* 222 Md. 582, 585, and *Fisher v. Warden,* 230 Md. 612, 615. Cf. *State v. Shoemaker,* 225 Md. 639. Under such circumstances the Supreme Court has indicated that the state must either furnish a delayed appeal or release the prisoner. *Dowd v. United States,* 340 U. S. 206. But we are aware of no case in which a belated appeal has been granted where there was no attempt to appeal. See *Strosnider v. Warden,* 216 Md. 635, 637, and cases cited. Of course, this is not a criminal case in the sense of those cited,

because we are here dealing with a prior collateral attack in post conviction proceedings, not with direct appeal.

It is suggested that we should review the record passed on by Judge Harris, because otherwise the Federal Courts may be compelled to do so under the decision of *Fay v. Noia,* 372 U. S. 391, 439. As we read the case, it does not purport to enlarge the remedies provided under Maryland law; it seems to direct the Federal District Courts to scrutinize the determinations made by the state courts, even if this involves new findings of an evidentiary nature, and to grant relief on constitutional grounds, even though the state courts may be precluded by state procedural rules from granting relief on such grounds. See *Townsend v. Sain,* 372 U. S. 293. In *Fay* the Court used the following language (p. 440) : "This is not to say that in every case where a heavier penalty, even the death penalty, is a risk incurred by taking an appeal or otherwise foregoing a procedural right, waiver as we have defined it cannot be found." In any event, we hold that when the petitioner failed to apply for leave to appeal from Judge Harris' findings on his first petition his State remedies came to an end, under the circumstances of this case.

*Application denied.*