## GEORGE L. McCARGO, ALIAS JAMES McCLAIN
## v. WARDEN, MARYLAND PENITENTIARY

[No. 147, September Term, 1969.]

*Decided January 30, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Philip E. Nuttle, Jr.,* for applicant.

*Francis B. Burch, Attorney General,* and *James A.*

■■■■■■■■■■■■■■■■■■

*Wise, State's Attorney for Caroline County,* for respondent.

PER CURIAM.

This is an application for leave to appeal from an order of Judge B. Hackett Turner, Jr., sitting in the Circuit Court for Caroline County, denying Post Conviction relief.

The record indicates that subsequent to the hearing upon applicant's petition, Judge Turner granted the State's motion for an additional hearing at which Chief Judge J. DeWeese Carter, who presided at applicant's original trial on charges of storehouse breaking, was permitted to testify in rebuttal to certain testimony given by applicant's witnesses at the original Post Conviction hearing.

In this application for leave to appeal, it is contended: (1) that permitting Judge Carter to testify was a "violation of the spirit of Md. Rule BK44 c;" (2) that it was error "to allow additional testimony to be taken;" and (3) that "it was clearly erroneous for the trial court to find petitioner's counsel at his original trial to be competent." We disagree.

While it is true that Md. Rule BK44 c provides that a Post Conviction hearing shall not be conducted by the "judge who sat at the trial at which petitioner was convicted," without petitioner's consent, it is clear from the record before us that Judge Turner, not Judge Carter, presided at the hearing. Judge Carter's only participation in the hearing was in the role of a witness and his testimony consisted simply in denying that he had told the family of the applicant, as they had testified at the first hearing, that they need not appear at the original trial of the applicant since "there was nothing much against petitioner and that he would soon be home." In our opinion, neither the letter nor the spirit of Md. Rule BK44 c was violated. See *Snyder v. Warden,* 227 Md. 644, *cert. den.,* 368 U.S. 1001; *Taylor v. Director,* 1 Md. App. 23.

Nor was there error in permitting Judge Carter to review the transcript of testimony at the first hearing or in permitting the State to have an additional hearing in order to adduce Judge Carter's testimony, notwithstanding, as alleged in the application, Judge Carter might have been called by the State at the original hearing since he "was in his chambers not more than twenty (20) feet from where Defendant's counsel sat during the hearing * * *." These were matters within the sound discretion of the hearing judge and since it was apparently done to promote the ends of justice, (see Md. Rule BK44 d) we see no abuse of the hearing judge's discretion.

As to the third contention, we cannot say, after reviewing the reasons advanced by Judge Turner in his Supplemental Memorandum, that he was clearly erroneous in finding no merit in applicant's contention that his trial attorney was incompetent. Md. Rule 1086.

*Application denied.*