# STATE OF MARYLAND *v.* JAMES I. COX

[App. No. 122, September Term, 1969.]

*Decided September 16, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for applicant.

*Russell J. White* for respondent.

MURPHY, C.J., delivered the opinion of the Court.

On July 25, 1960 James Cox was indicted for murder. At his arraignment, at which he was represented by coun-

sel, Cox pleaded not guilty by reason of insanity; he was promptly referred for mental examination. On December 8, 1960 the medical report was filed with the court. The report concluded that Cox was not insane at the time of the crime. On February 28, 1961 the case was brought to trial before the court sitting without a jury under the pleas of not guilty and not guilty by reason of insanity. On the second day of trial, the medical report was admitted in evidence as an agreed exhibit. Thereafter, Cox, through counsel, withdrew his not guilty pleas and entered a plea of guilty. On March 1, 1961 the court sentenced Cox to life imprisonment.

On March 23, 1961 Cox wrote a letter to the court clerk in which he made a "plea" for "a new trial." In the letter Cox stated that his constitutional rights had been violated at the trial because (a) he was tried without a jury contrary to the express direction given to his attorney, and (b) his counsel failed to subpoena witnesses on his behalf. Cox requested in his letter "that he be granted a new trial and that this trial be held before a jury," affording him time to obtain witnesses before fixing the new trial date. Cox's letter was received by the court clerk on March 27. On the same day, he wrote Cox, stating that after conferring with the trial judge, he (the clerk) was directed to advise him that the three-day period for filing his motion for a new trial had expired and that his request was therefore denied. No order to enter an appeal was ever filed.

Approximately eight years later, on January 31, 1969, Cox filed a petition under the Post Conviction Procedure Act alleging:

    (a)  that he was not advised of the consequences of his guilty plea and was illegally induced to plead guilty when he was told by his trial counsel that unless he did so he would be sentenced to death;

    (b)  that he was denied his right to file a motion for a new trial and to appeal because

he was never advised by counsel of such
rights;

(c) that he had unsuccessfully attempted to appeal by writing to the court clerk;

(d) that he was denied the effective assistance of counsel;

(e) that trial counsel was incompetent;

(f) that he was denied his right to a jury trial.

A hearing was held on Cox's petition before Judge Paul A. Dorf in the Criminal Court of Baltimore, at the conclusion of which, on June 25, 1969, the court held that Cox's letter to the court clerk should have been treated by him as an order for appeal; that Cox had shown by his letter a clear intention to seek "a further determination of his case"; and that under the circumstances the clerk should have advised Cox on March 27 that if he wished to file an appeal, it could be done at that time. It is not clear from the court's opinion whether it concluded as a fact that counsel had failed to advise Cox of his right to appeal and/or the method for perfecting an appeal. It appears from the record, however, that at the time of the post conviction hearing, Cox's trial counsel was residing in Colorado and did not appear as a witness. By affidavit he stated that he believed he advised Cox of the period for filing a motion for a new trial and of his right to appeal "and in all probability he told me not to proceed."

Judge Dorf granted Cox a belated appeal; he did not pass upon the other contentions in the petition. The State filed an application for leave to appeal from Judge Dorf's order, contending therein that Cox's letter was a request for a new trial, not an appeal; that it was not the court clerk's responsibility to advise Cox of his right to appeal; and that no State official in any way thwarted any effort by Cox to file an appeal. Cox's court-appointed post conviction counsel filed a memorandum in support of Judge Dorf's opinion.

Under the circumstances of this case, we think Judge Dorf erred in granting Cox a belated appeal. Aside from

214

the fact that Cox waited eight years to assert his claim to a belated appeal, the cases clearly indicate that the instances in which belated appeals in criminal cases have been granted are those in which a timely direct appeal was plainly attempted, but thwarted by the action of State officials. *See Sewell v. Warden*, 235 Md. 615; *Fisher v. Warden*, 230 Md. 612; *McCoy v. Warden*, 1 Md. App. 108; *Schaedler v. Warden*, 1 Md. App. 25. The granting of a belated appeal has also been approved in a case where the circumstances clearly showed a justifiable, though mistaken, belief that steps to perfect an appeal had been taken. *See State v. Shoemaker*, 225 Md. 639. In *Sewell*, the Court of Appeals held it was aware of no case in which a belated appeal had been granted where there was no attempt to appeal.[1]

By the clear terms of Cox's letter he requested a new trial. He wanted a jury trial at which witnesses on his behalf would appear. He did not attack his guilty plea and made no mention of an intention to appeal from the judgment entered on that plea. We do not think that Cox has shown facts or circumstances which give him the right to a delayed appeal; no State official interfered with his right to appeal and no intention to appeal is apparent.

Maryland Rule 719(b), as rewritten effective September 1, 1967, requires that trial counsel advise a convicted accused of his right to appeal. When counsel fails to comply with the Rule the accused is entitled to a belated appeal. *See Rhodes v. Warden*, 7 Md. App. 423. Prior to the promulgation of the Rule, however, failure of counsel to inform the accused of his right to appeal was held not to constitute a denial of due process and was not a ground for post conviction relief. *Shefton v. Warden*, 239 Md. 702; *Rhodes v. Warden, supra*. As Cox's trial was held in 1961—long before the Rule became effective—he would not, under the Rule, be entitled to a belated appeal even

---

1. *See also Spencer v. Warden*, 222 Md. 582; *Beard v. Warden*, 211 Md. 658; *Lloyd v. Warden*, 217 Md. 667; *Bernard v. Warden*, 187 Md. 273; *Coates v. State*, 180 Md. 502.

if the lower court found that he was not advised of his right to appeal. We find nothing in *Douglas v. California,* 372 U. S. 353 dictating a contrary conclusion as a matter of constitutional law. In so concluding, we are not persuaded by the holding in *United States ex rel. Smith v. McMann,* 417 F. 2d 648 (2nd Cir.) that *Douglas* requires, retroactively, that belated appeals be granted to all indigent convicted persons who were not advised of their right to appeal. *See also Nelson v. Peyton,* 415 F. 2d 1154 (4th Cir.).

> *Application for leave to appeal granted; order granting the belated appeal vacated; case remanded for further proceedings.*