IN RE APPLICATIONS OF MARONEY AND KUNZ, Petitioners.

*Decided May 4, 1972.*
(Also reported in 196 N. W. 2d 712.)

*David Maroney,* pro se, and *Mark W. Kunz,* pro se, for the petitioners.

WILKIE, J. In *Peterson v. State* [1] this court held that the trial court is obligated to inform a convicted criminal defendant of his right to appeal. [2] If the trial court does not so inform the defendant, the defendant may pursue a late appeal. The petitioners in this case are indigent inmates of the Wisconsin State Prison and Wisconsin State Reformatory who allege that when they were convicted in 1971 they were not advised of their right to appeal in the trial court. They now apply to this court to appoint counsel for them to pursue a belated appeal under the mandate in *Peterson.* The court is thus faced with the question of whether the requirement announciated in *Peterson* is retroactive.

In *Stovall v. Denno* [3] the Supreme Court of the United States enumerated three criteria which are to be con-

[1] Ante, pp. 370, 382, 195 N. W. 2d 837 (decided March 30, 1972).

[2] *See United States ex rel. Singleton v. Woods* (7th Cir. 1971), 440 Fed. 2d 835.

[3] (1967), 388 U. S. 293, 297, 87 Sup. Ct. 1967, 18 L. Ed. 2d 1199. *See also: Linkletter v. Walker* (1965), 381 U. S. 618, 85 Sup. Ct. 1731, 14 L. Ed. 2d 601.

sidered when determining whether a rule should be given retroactive application. Those criteria are:

". . . (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

Applying these criteria to the present case, we hold that the rule set forth in *Peterson* is not retroactive and applies only to criminal convictions obtained after April 1, 1972.[4]

*Purpose to be served.* It was our intent in *Peterson* to adopt an overall procedure for assuring a criminal defendant postconviction review, while at the same time avoiding the problem of this court being faced with many criminal cases in which the error has not been properly preserved. Were direct appeal the only manner in which a defendant could seek postconviction review, the argument for retroactivity would be much stronger. In Wisconsin, however, the legislature has created a broad postconviction remedy statute, sec. 974.06. This statute allows the defendant to raise alleged constitutional and jurisdictional defects in the trial court even though there has been no direct appeal. Even if there is no direct appeal the criminal defendant has a swift remedy. Additionally, this court has held today that a sec. 974.06 motion is the appropriate remedy to pursue even if the defendant was convicted prior to the effective date of

---

[4] In reaching this result, we are not unmindful that the United States Court of Appeals for the Second Circuit has held this requirement to be retroactive, *United States ex rel. Smith v. Mc-Mann* (2d Cir. 1969), 417 Fed. 2d 648, 655. We believe that the Wisconsin postconviction procedure is sufficiently different from that available in New York so as to preclude our holding that the requirement is retroactive in Wisconsin. *In accord: State v. Cox* (1970), 10 Md. App. 211, 215, 269 Atl. 2d 106. *See also: State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 139 N. W. 2d 667.

this statute.[5] Thus we conclude that the purpose to be served by the *Peterson* rule can adequately be served by resort to a postconviction motion without holding the rule retroactive.

*Reliance on the old rule.* In *State v. Strickland* [6] this court adopted the rule the defendant's trial counsel would be presumed to have informed the defendant of all his constitutional rights. These rights would include the right to appeal. While this rule was abandoned in *Ernst,*[7] the trial courts were entitled to follow the *Strickland* rule until it was overruled. Moreover, it was not until February, 1971, that the United States Court of Appeals for the Seventh Circuit adopted the rule.[8] Hence, reliance on the old rule would be reasonable. There is no showing here that defendants did not have effective trial counsel.

*Effect on administration of justice.* To open up the direct-appeal remedy to defendants convicted before the adoption of this rule would strain the already overloaded calendar of this court. In view of the remedy available by way of a sec. 974.06, Stats., motion, we conclude that the administration of justice would be more detrimentally affected by a retroactive application of *Peterson* than by requiring defendants to proceed under the postconviction motion statute.

*By the Court.*—Applications denied.

[5] *State ex rel. Warren v. County Court,* ante, p. 613, 197 N. W. 2d 1 (decided May 4, 1972).

[6] (1965), 27 Wis. 2d 623, 135 N. W. 2d 295.

[7] *Ernst v. State* (1969), 43 Wis. 2d 661, 674, 170 N. W. 2d 713.

[8] *United States ex rel. Singleton v. Woods, supra,* footnote 2.