WEBER, Plaintiff in error, v. STATE, Defendant in error.

*No. State 170. Argued June 6, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 396.)

372

374

For the plaintiff in error there was a brief and oral argument by *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was argued by *Robert D. Martinson*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HEFFERNAN, J. The relief sought is under sec. 974.06, Stats. The issues that can be raised on that motion in the trial court and reviewed on appeal here are limited by the scope of the postconviction remedy statute. We said in *Peterson v. State* (1972), 54 Wis. 2d 370, 381, 195 N. W. 2d 837:

"The postconviction motion under sec. 974.06, Stats., is not a substitute for a motion for a new trial. A sec. 974.06 motion can be made only after the defendant has exhausted his direct remedies which consist of a motion for a new trial and appeal. A sec. 974.06 motion is limited in scope to matters of jurisdiction or of constitutional dimensions. . . . Such issues as sufficiency of the evidence, jury instructions, error in admission of evidence, and other procedural errors cannot be reached by a sec. 974.06 motion." *Accord, State v. Langston* (1971), 53 Wis. 2d 228, 191 N. W. 2d 713.

Defendant's initial contention—that the information failed to state any crime defined by the statutes—falls within the scope of sec. 974.06, Stats., for if that contention is correct, the trial court has no jurisdiction to proceed with trial on the information. *Christian v. State* (1972), 54 Wis. 2d 447, 459, 195 N. W. 2d 470; *State v. Lampe* (1965), 26 Wis. 2d 646, 648, 133 N. W. 2d 349. A defect of that nature cannot be waived, nor can a verdict or sentence based on a void information

be sustained. *Champlain v. State* (1972), 53 Wis. 2d 751, 754, 193 N. W. 2d 868.

If the defects are merely technical or formal in nature, objections must be timely made or be deemed waived. *Craig v. State* (1972), 55 Wis. 2d 489, 493, 198 N. W. 2d 609; *Huebner v. State* (1967), 33 Wis. 2d 505, 515, 147 N. W. 2d 646; *Christian v. State, supra,* at 460.

Sec. 971.26, Stats., provides:

"No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant."

Sec. 971.31 (2), Stats., provides:

". . . defenses and objections based on . . . insufficiency of the . . . information . . . shall be raised before trial by motion or be deemed waived. . . ."

While acknowledging that the issue raised by the defendant can properly be reviewed by this court, we see no basis to support the contention. The state public defender argues that the crime charged in the information was that the defendant fraudulently obtained for herself public assistance in the sum of $1,396. The state public defender claims that an essential element of a crime, the fraudulent failure to report a change of facts, was not charged and that the information, therefore, was void. Our reading of the information fails to reveal such omission. Both elements of the crime were charged: The obtaining of public assistance funds for herself and the failure to report a change in the originally stated facts. Both of these elements of the crime are required to be stated and both are.

Considering defendant's argument in its most favorable light, the most that can be said for it is that the information appears to emphasize the fraudulent obtaining of

the money rather than the fraudulent failure to report a change in the originally stated facts. This objection, however, is trivial and has no legal significance. The objection is merely to the stylistic and organizational form of the information. As we stated in *State ex rel. Schulter v. Roraff* (1968), 39 Wis. 2d 342, 354, 355, 159 N. W. 2d 25:

"It is not necessary to charge a crime in the exact words of the statute; if the substance of all the elements of the crime is alleged, that is sufficient."

We see no defect in the information and, if there be any, it is one of form and not substance and was waived by the failure to make a timely objection. *Christian v. State, supra,* page 460.

The defendant also claims that she was denied due process of law because the state failed to produce evidence relating to the two major elements of the offense. As pointed out in *Peterson, supra,* the question of sufficiency of the evidence cannot be reached on a review of a trial court's denial of a motion brought under sec. 974.06, Stats. Sufficiency of the evidence in the sense of the weight of the evidence does not raise a constitutional or jurisdictional question. The argument of the state public defender, however, goes to a constitutional question, that there was an utter failure to produce any evidence. That contention raises an issue of constitutional proportions, since a conviction with no evidence of guilt would constitute a denial of due process. The United States Supreme Court in *Thompson v. Louisville* (1960), 362 U. S. 199, 206, 80 Sup. Ct. 624, 4 L. Ed. 2d 654, said:

"Thus we find no evidence whatever in the record to support these convictions. Just as 'Conviction upon a charge not made would be sheer denial of due process,' so is it a violation of due process to convict and punish a man without evidence of his guilt."

While the issue argued by the state public defender is one of due process, we find no substance in the claim in light of the record.

The principal contention is that there was no proof that the "facts originally stated" showed that the husband was not living at home. If so, the defendant argues, she cannot be guilty of failing to report a change in those original facts upon the return of her husband to her home. The record is not barren of proof in this respect. The testimony of the welfare worker assigned to Donna Weber's case showed that it was the policy of the department to require a statement of the facts every six months. A statement of the facts dated September 14, 1970, was submitted into evidence. Without objection, the welfare worker testified that the form submitted at that time, which was entered into the record as an exhibit, showed that defendant's husband was living at a separate address and that he was not listed as a family member living in the home. In addition, it carried the entry that the parties were separated by court order. The welfare worker was permitted to testify that this declaration form filed in September, 1970, restated the facts upon which the welfare grant was originally based, with the exception that it reported the birth of a new child.

A prerequisite for Donna Weber's continued receipt of aid for a family with dependent children was the "continued absence from the home" of the father of her children under the provisions of sec. 49.19 (1) (a) and (4) (a), Stats. The statements contained in the declaration form filed in September, 1970, together with the welfare worker's testimony that this form was identical to the facts originally filed, constituted evidence that the absence of the husband from the home was a fact originally stated and upon which the grant of assistance was based.

The defendant also claims on this appeal that the information charged that she had received public assistance "for herself," but that there was no evidence to support the charge. The argument on this appeal seems to be that any money received was only for the dependent children and not for her. The argument is factually incorrect. The defendant's case worker testified that Donna Weber received aid to a family with dependent children. Aid to a family with dependent children is defined as: ". . . including such aid to meet the needs of the relative with whom any dependent child is living . . . ." Sec. 49.19 (1) (c), Stats. The declaration form filed in September, 1970, included her own name in response to the question therein:

"I am requesting that money and medical assistance be continued for the following members of my household: (Be sure to include yourself and all family members in your home who need help)."

Part of the aid, the record shows, was toward the payment of $130 monthly mortgage installments on the home owned partly by her. There was evidence that the defendant received funds for herself.

We are not in this case permitted to inquire into the sufficiency of the evidence. The only question raisable on the appeal from the denial of the postconviction motion is whether there is a total lack of any evidence as to constitute a denial of due process. The record contains sufficient evidence to satisfy the due process requirement.

The state public defender also argues that sec. 49.12 (9), Stats., is unconstitutionally vague. It is the duty of the trial judge to decide constitutional issues that are presented. However, until the recent case of *Just v. Marinette County* (1972), 56 Wis. 2d 7, 201 N. W. 2d 761, that responsibility was not placed squarely upon

the trial judge, and this constitutional issue was not decided on the postconviction motion. The test of vagueness for constitutional purposes was recently summarized by this court in *Jones v. State* (1972), 55 Wis. 2d 742, 746, 200 N. W. 2d 587:

"The question of vagueness then is whether the statute describes the offense with sufficient definiteness and gives ascertainable standards of guilt. Is the statute sufficiently definite to give reasonable notice of the prohibited conduct to those who wish to avoid its penalties? If the statute is so obscure that men of common intelligence must necessarily guess at its meaning and differ as to its applicability, it is unconstitutional." *See also: State v. Mahaney* (1972), 55 Wis. 2d 443, 447, 198 N. W. 2d 373; *State v. Zwicker* (1968), 41 Wis. 2d 497, 507, 164 N. W. 2d 512; *Bouie v. City of Columbia* (1964), 378 U. S. 347, 351, 84 Sup. Ct. 1697, 12 L. Ed. 2d 894; *Lanzetta v. New Jersey* (1939), 306 U. S. 451, 453, 59 Sup. Ct. 618, 83 L. Ed. 888.

The statute is not vague. The statute under which the defendant is charged, sec. 49.12 (9), Stats., refers to the receipt of "assistance . . . on the basis of facts stated to the authorities . . . ."

Sec. 49.19 (1) (a) and (4) (a), Stats., detail the factual conditions requisite to the furnishing of assistance. It must be shown that there is a "dependent child who is living with the person charged with its care and custody . . . ." (Sec. 49.19 (4) (a).) Sec. 49.19 (1) (a) defines a dependent child as being one "under the age of 18 who has been deprived of parental support or care by . . . continued absence from the home . . . of a parent . . . ."

It is thus clear from the statutes themselves that a condition of eligibility is the continued absence of a parent from the home. The statutes are not vague.

As we have pointed out above, there was evidence that the fact of the husband's absence from home was originally stated. Under the statute, that fact was a *sine qua*

*non* of eligibility for assistance. It cannot be argued that the statute was vague because there was no notice of this statutory requirement for continued eligibility. The form which Donna Weber filled out required a statement in respect to members of her household and the whereabouts of her husband. At six-month intervals, she was required to reiterate these declarations, and each declaration form carried with it the admonition that the applicant was to report within seven days any family conditions that might affect her eligibility.

From the statutes and from the record, it is apparent that the pertinent laws are not unconstitutionally vague. They gave precise notice of what facts were to be used as a basis of eligibility. Moreover, the defendant was repeatedly notified by the local public assistance authorities of the possible effect of a change in these facts on her eligibility and specifically required to report any change in those facts within seven days.

The defendant further argues that the statute is vague because it fails to indicate how the amount of assistance fraudulently obtained is to be computed. The amount of assistance so obtained triggers various penalties imposed by sec. 49.12 (1), Stats. The statute is clear on its face. No crime can occur until the seven days have elapsed without reporting a change of circumstances. Only the funds received thereafter would be the result of fraud and computed in the determination of the penalty. The fact that changed in the instant case—the return of the husband to the household—would totally eliminate the eligibility for assistance under the statute. Under the circumstances here, the total amount of the aid received after the seven-day period of grace would be computed in determining the penalty. We are not here confronted by any unreported change of facts that might alter the amount of aid without totally destroying eligibility. This court in *Jones v. State* (1972), 55 Wis. 2d 742, 746, 200 N. W. 2d 587, stated:

"The defendant cannot hypothesize fact situations but is confined to the conduct charged when it is so obviously within the zone of prohibited conduct that no reasonable man could have any doubts of its criminalty. *State v. Driscoll* (1972), 53 Wis. 2d 699, 193 N. W. 2d 851; *Jordan v. De George* (1951), 341 U. S. 223, 71 Sup. Ct. 703, 95 L. Ed. 886."

The defendant argues also that the penalties to be imposed are dependent on the vigilance of the public assistance authorities and, if fraud is not promptly discovered, the assistance received will force her into the range of higher penalties. She argues that there is uncertainty as to the consequences of her criminal act. Where, as here, the conduct is fraudulent and the penalty is dependent in part upon the period during which the fraud is practiced, the defendant's argument is bizarre indeed. It is predicated upon the theory that, either by design or negligence, the public assistance authorities could permit the fraud to run for such period as to impose higher penalties. It is argued that the degree of crime for which the defendant may be liable is not within her own control but within the control of others. The argument mistakes the nature of the crime. The crime is fraud. It is a knowing misrepresentation of material facts. It was fully within the control of the defendant to promptly report any changes which would affect her receipt of assistance funds. The recipient had it fully within her power to comply with the law and to avoid any fraudulent conduct and penalties.

*By the Court.*—Order affirmed.