LOOP, Plaintiff in error, v. STATE, Defendant in error.

*No. State 93. Submitted under sec. (Rule) 251.54 October 3, 1974.—*
*Decided October 31, 1974.*
(Also reported in 222 N. W. 2d 694.)

500

The cause was submitted for the plaintiff in error on the briefs of *Howard B. Eisenberg,* state public defender, and *Richard M. Sals,* assistant state public defender, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Charles R. Larsen,* assistant attorney general.

WILKIE, C. J.   This is a review of an order denying the defendant's pro se "motion for a new trial" following his guilty plea to the charge of burglary. The motion was denied after a hearing in which the defendant asserted that at the time of his guilty plea he was mentally unstable and that at the guilty plea hearing the trial court failed to require a factual basis to support the plea. The mental instability claim has apparently been abandoned on this review.

The threshold issue raised on the review is: *Can the defendant (Donald Allen Loop, plaintiff in error) raise the alleged lack of a factual basis to support the guilty plea in a sec. 974.06, Stats., motion when he had an opportunity to attack the conviction directly but failed to do so?*

We hold that the defendant can raise the question of the alleged lack of a factual basis to support the guilty plea in his motion which was properly treated as a sec. 974.06 motion by the trial court.

There is no question but that at the time of the original plea taking the trial court did not hear testimony or receive any statements to establish a factual basis for the plea. Nevertheless, the trial court accepted the guilty plea and on the resulting conviction entered its sentence. About six months later the defendant filed an affidavit and a pro se motion for a new trial. The trial court held a hearing on the motion treating it as a sec. 974.06 motion. The defendant was, as at the original guilty plea,

represented by counsel. At this hearing the trial court received into evidence, over the objection of defendant's counsel, the defendant's earlier statement made to the police admitting his involvement in the burglary. Additionally, the defendant testified and denied committing the burglary. He claimed he had been drinking when he gave his confession to the police. He stated that he had been released from prison a short time before and that he was depressed and contemplating suicide. According to the defendant, he heard about the burglary on the radio and decided to go to the police station and confess to the crime so he could go back to prison where he had friends and where he could receive medical care. The defendant testified he went to the police station and confessed to the police the details of the burglary he had heard on the radio and in a bar. He then went to court, waived the preliminary, and pleaded guilty. It was established that in 1965 and again in 1968 the defendant had also walked into police stations and had confessed to crimes and been subsequently convicted. After hearing the testimony, the trial court denied the defendant's motion on all grounds.

The alleged error in the taking of the guilty plea—the failure to establish a factual basis for the plea—is of constitutional dimensions and is the type of error which can be reached by a sec. 974.06 motion.[1] True, in *Peterson v. State*[2] and *State v. Smith*[3] we limited matters that can be raised by a sec. 974.06 motion to those errors of jurisdiction or of constitutional dimensions. In *Weber v. State*[4] this court reiterated that a sec. 974.06 motion is limited in scope to matters of jurisdiction or of constitutional dimensions and that issues of sufficiency of the

[1] *In re Applications of Maroney and Kunz* (1972), 54 Wis. 2d 638, 196 N. W. 2d 712.

[2] (1972), 54 Wis. 2d 370, 195 N. W. 2d 837.

[3] (1972), 55 Wis. 2d 304, 198 N. W. 2d 630.

[4] (1973), 59 Wis. 2d 371, 208 N. W. 2d 396.

evidence, jury instructions, error in admission of evidence, and other procedural errors could not be reached by a sec. 974.06 motion.[5]

Nevertheless, this court in *Weber* went on to consider the defendant's claim that she was denied due process of law because the state failed to produce evidence relating to the two major elements of the offense. This court said:

". . . As pointed out in *Peterson, supra,* the question of sufficiency of the evidence cannot be reached on a review of a trial court's denial of a motion brought under sec. 974.06, Stats. Sufficiency of the evidence in the sense of the weight of the evidence does not raise a constitutional or jurisdictional question. The argument of the state public defender, however, goes to a constitutional question, that there was an utter failure to produce any evidence. That contention raises an issue of constitutional proportions, since a conviction with no evidence of guilt would constitute a denial of due process." [6]

In other words, although the failure to establish a factual basis on a guilty plea is a matter that should be reached on appeal, this does not mean that where a direct appeal is not taken, a defendant is foreclosed from raising an alleged error of constitutional dimension in a sec. 974.06 motion which may be made at a later date. A sec. 974.06 motion is not a complete substitute for an appeal. This simply means that not every issue which can or should be raised on direct appeal can also be raised by this post-conviction motion. But that does not mean the converse is also true, *i.e.,* every issue which can be raised by a 974.06 motion could not also have been raised on appeal. Issues of constitutional dimension can be raised on direct appeal and can also be raised on 974.06 motions. Merely because a direct appeal was not taken does not mean that a 974.06 motion cannot be made later.

[5] *Id.* at page 377. *See also: State v. Langston* (1971), 53 Wis. 2d 228, 191 N. W. 2d 713.

[6] *Weber v. State* (1973), 59 Wis. 2d 371, 379, 208 N. W. 2d 396.

Thus, the merits asserted as a basis for upsetting the guilty plea are before us. The issue presented is: *Should defendant's plea of guilty be set aside because the trial court failed to establish that a factual basis for the plea existed at the time the guilty plea was accepted?*

Although a factual basis was not furnished at the original guilty plea hearing, a factual basis was supplied at the hearing on the defendant's postconviction motion. At this hearing the defendant's detailed confession describing his participation in the burglary was received into evidence. Although the defendant denied the burglary at this hearing and tried to explain away the confession by claiming that he was drunk at the time he made it and that he merely repeated the information he had heard on a radio news broadcast, it is clear this confession, if it had been introduced at the time of the original guilty plea, would have been sufficient to supply the factual basis for the plea. Thus the factual basis which was missing at the original plea taking hearing was supplied at the hearing on the defendant's postconviction motion. This is enough to correct the initial error and under these circumstances no manifest injustice has occurred.[7]

We therefore conclude that the trial court was correct in denying the postconviction motion of defendant and the defendant should not now be permitted to withdraw his guilty plea.

*By the Court.*—Order affirmed.

---

[7] *See Morones v. State* (1973), 61 Wis. 2d 544, 213 N. W. 2d 31.