Patrick **MIKULOVSKY**, Plaintiff,

v.

Edward F. **SCHUBERT**, Defendant.

No. 75–C–261.

United States District Court,
E. D. Wisconsin.

July 9, 1976.

George N. Kotsonis, Milwaukee, Wis., for plaintiff.

Michael R. Klos, Asst. Atty. Gen., Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a petition for a writ of habeas corpus. Petitioner, currently in custody in the Central State Hospital at Waupun, Wisconsin, was convicted by the Milwaukee County Circuit Court on February 15, 1969, of two counts of first degree murder for the slaying of his parents and sentenced to two consecutive terms of life imprisonment in the Wisconsin state prisons. The conviction was affirmed by the Wisconsin Supreme Court May 2, 1972 in *Mikulovsky v. State,* 54 Wis.2d 699, 196 N.W.2d 748 (1972). On May 14, 1975, the petition for the writ was filed in this court. A return to the petition was ordered and subsequently filed on June 12, 1975. No traverse has been filed by the petitioner to the return.

Two grounds are set forth in the petition as requiring that a writ of habeas corpus should issue in this case. The first is that petitioner's fourteenth amendment rights were violated in that a confession given at police headquarters prior to arrest was admitted into evidence at his trial that was obtained in the course of a custodial interrogation at which petitioner was not advised of his constitutional rights. The second ground alleges that petitioner's fourteenth amendment rights were violated in that the confession admitted into evidence at trial was the fruit of a coercive police investigation during which petitioner was extensively interrogated and his home repeatedly searched by police officers.

The return to the petition denies that the confession was obtained during the course of a custodial interrogation or that the search of petitioner's home violated petitioner's constitutional rights. Appended to the return to the petition were the findings of fact made by the Milwaukee County Circuit Court at trial which are relevant to the claims set forth by the petitioner. It is alleged in the petition and not disputed in the return, that petitioner exhausted his state remedies with respect to these claims by pressing the same arguments made here at trial and on appeal to the Wisconsin Supreme Court. Nevertheless, on the record before this court it must be concluded that the petitioner is not entitled to an evidentiary hearing on his petition and that the application for the writ be denied.

The two grounds set forth by the petitioner in his application for the writ appear in full as follows:

"a) The two life sentences for two first degree murders were obtained in violation of the due process clause of the fourteenth amendment in that a confession which was admitted into evidence at the petitioner's trial had been obtained in the course of a custodial investigation during which the petitioner was not given the benefit of Miranda warnings until after he had made the initial oral confession.

b) The two life sentences for two first degree murders were obtained in viola-

tion of the due process clause of the fourteenth amendment in that a confession which was admitted into evidence at petitioner's trial was the fruit of a coercine three day investigation during which the petitioner, a juvenile, was subjected to periods of extended interrogation and to having his home repeatedly searched by police officers or those who accompanied the officers." (Petition for Writ of Habeas Corpus, at p. 2)

These grounds are largely conclusory, containing only the barest suggestion of what may be the underlying facts. The response includes the specific findings of fact of the trial court concerning the interrogation and confession, and sets forth in detail the circumstances surrounding the search of petitioner's home. No fact (as opposed to legal conclusion) which is contained in the response is contradicted by anything in the petition, and no traverse was filed by the petitioner to contradict the factual representations made in the response. The trial court conducted ample hearings on the merits of the issues before this court in proceedings to which the petitioner and the State of Wisconsin were parties. Such hearings are evidenced by the trial court's findings of fact appended to the return to the petition. There is nothing in the record to suggest that the merits of any factual dispute were not resolved in the trial court, that petitioner was not afforded a full and fair hearing at trial or that the state hearing was legally deficient in any respect. This, combined with the failure of the petition to allege factual circumstances different from those set forth in the response, elminates any necessity for an evidentiary hearing, and the facts presented in the return shall be presumed to be correct. 28 U.S.C. § 2254(d); cf. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Thus, this court must conclude that the petitioner appeared voluntarily and was free to leave at any of the times he was in the police facility and being questioned prior to the formal arrest. Petitioner was never accused of killing his parents by any police officer, not threatened with any action by police officers prior to the arrest.

The petitioner confessed to the slayings not in response to any specific interrogation by police but completely willfully, whereupon he was immediately placed under arrest and was fully advised of his constitutional rights. No promises or threats were made by police to the petitioner, and no physical or psychological pressure was exerted upon him to make any statement whatsoever. Moreover, it is assumed that officers were at petitioner's home investigating the disappearance of his parents, that the petitioner had told police that his parents had gone to California, and that petitioner told police that his parents had written letters to him which were located in the house. Officers requested petitioner and his brother to produce the letters so that the authorities might learn the return addresses of the parents and locate them, and that as part of a missing persons investigation, and not a criminal investigation, officers assisted in the search for these letters at the invitation of petitioner's brother. There is no evidence that any sort of inculpatory material or information was ever discovered during a search of the home.

Under these facts and circumstances the petition for a writ of habeas corpus must be denied. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court held that:

"[t]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444, 86 S.Ct. at 1612.

■ It has since been held that the mere fact that the questioning of citizens is held at the police station is insufficient to trigger the rule of *Miranda. Hicks v. United States,* 127 U.S.App.D.C. 209, 382 F.2d 158 (1967); *United States v. Tobin,* 429 F.2d

1261 (8th Cir. 1970); *Fisher v. Scafati,* 314 F.Supp. 929 (D.C.Mass.1970), affirmed 439 F.2d 307 (1st Cir. 1971), cert. denied 403 U.S. 939, 91 S.Ct. 2256, 29 L.Ed.2d 719 (1971). In the circumstances of this case there is nothing to indicate that petitioner was undergoing "custodial interrogation" at the time of his confession. He had come to the police station voluntarily and was free to leave at any time. There is nothing to indicate that the investigation had focused on the petitioner, or even that there was an investigation by the authorities with possible criminal consequences. Therefore, the admission of the confession at trial did not violate petitioner's constitutional rights. See *Brown v. Beto,* 468 F.2d 1284 (5th Cir. 1972).

■ Petitioner's second ground in support of his petition is nothing more than a conclusory statement that the confession was the result of police questioning and the search of the home. This conclusion is contradicted by the factual circumstances set forth earlier. The confession was not given in response to specific questions put to the petitioner, but was completely willful. And it is not even alleged in the petition that any information whatsoever was garnered by the police as a result of their presence in petitioner's home. Thus, neither ground asserted by the petition supports the issuance of a writ of habeas corpus under the circumstances of this case.

■ One final point deserves mention. At proceedings had in this case in open court on January 9, 1976, petitioner's counsel raised for the first time the argument that petitioner lacked the effective assistance of counsel during his trial. If such a claim can be substantiated, then the petitioner's constitutional rights under the sixth amendment, the fifth amendment, or both, have been infringed. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Powell v. Alabama,* 287 U.S. 45, 68–71, 53 S.Ct. 55, 77 L.Ed. 158 (1932), *Wilson v. Phend,* 417 F.2d 1197 (7th Cir. 1969).

■ Even treating counsel's representations on January 9, 1976, as a formal request by the petitioner for the writ based on additional allegations of denials of federal constitutional rights, this court must still deny the petition on the record presently before it. It is a fundamental tenet of federal habeas corpus procedure that a federal court may entertain a petition for the writ only after the petitioner has exhausted existing state remedies. Section 2254(b) of Title 28, United States Code, provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

Well-recognized notions of comity in our federal system dictate that a federal court should not act where state court procedures are available, unless requiring a petitioner to pursue state remedies would prove a futile exercise. *Brown v. Allen,* 344 U.S. 443, 447–50, 73 S.Ct. 397, 97 L.Ed. 469 (1953). In the instant case it appears that petitioner has available to him state court procedures in which to raise a claim of constitutional insufficiency of counsel, thus precluding this court from granting the relief requested.

Subsection (1) of Wisconsin's post-conviction relief statute, Section 974.06, Wis. Stats., provides that:

"A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Thus, any question of constitutional dimension cognizable on federal habeas corpus may be raised in state court by a Section 974.06 postconviction motion. See *Loop v. State,* 65 Wis.2d 499, 501, 222 N.W.2d 694 (1974). Such a motion may be made regardless of whether the defendant has sought direct appellate review of his conviction, *Loop v. State, supra,* at 502, 222 N.W.2d 694; *Peterson v. State,* 54 Wis.2d 370, 382, 195 N.W.2d 837 (1972), and regardless of whether the defendant was convicted prior to the effective date of the statute. *In re Applications of Maroney and Kunz,* 54 Wis.2d 638, 640, 196 N.W.2d 712 (1972). In *Peterson v. State, supra,* the Wisconsin Supreme Court stated:

> "The motion must not be used to raise issues disposed of by a previous appeal. Fundamentally, the motion was authorized as a substantial replacement for the petition for habeas corpus in this court. Matters which usually were presented by petition for habeas corpus to this court now are covered by the sec. 974.06 postconviction motion to the trial court. A petition for habeas corpus can still be presented to this court, but not until the procedure under sec. 974.06 has been exhausted, or is not applicable."

54 Wis.2d, at 381, 195 N.W.2d at 845 (footnotes omitted).

From the foregoing it is evident that a claim by the petitioner that his right to the assistance of counsel was abridged may be pressed under Section 974.06, Wis.Stats. Such issues were not raised on petitioner's prior appeal. Until the state remedies available to him on the issue are exhausted, this court may not grant his petition for a writ of habeas corpus. 28 U.S.C. § 2254(b).

IT IS THEREFORE ORDERED that petitioner's request for a writ of habeas corpus be and hereby is denied.