Thomas PERKINS, Plaintiff-Appellant,

Mary BAIER, Plaintiff,

WOOD COUNTY, Plaintiff-Respondent,

v.

Arthur UTNEHMER, Jr., and State Farm Mutual Insurance Company, Defendants.

Court of Appeals

*No. 83–1642. Submitted on briefs September 10, 1984.— December 27, 1984.*
(Also reported in 361 N.W.2d 739.)

---

498

For the appellant the cause was submitted on the brief of *Brazeau, Potter, Wefel & Nettesheim* of Wisconsin Rapids.

For the respondent the cause was submitted on the brief of *Weldon Nelson*, Wood County corporation counsel, of Wisconsin Rapids.

Before Cane, P.J., Dean and Brown, JJ.

CANE, P.J. Thomas Perkins, a minor, appeals the part of a judgment that apportioned an award of damages between himself and Wood County, a subrogated medical assistance provider. Section 49.65(1), Stats., subrogates a medical assistance provider to the rights of a recipient against a third party who causes injury to the recipient. Perkins maintains that his mother received the medical assistance rather than himself because she was legally obligated to pay his medical expenses. He therefore argues that the county can recoup its payments only from her. He also contends that his award cannot be apportioned because he did not execute an assignment of rights to the county. Finally, he claims that the county's recovery should be reduced by the percentage of his negligence and the reasonable costs of collecting from the third party, including attorney fees. We conclude that Perkins is the medical assistance recipient, that the county does not need an assignment of rights from Perkins, and that the county's recovery should not be reduced. We therefore affirm the judgment.

Perkins and his mother commenced this action to recover damages for personal injuries Perkins suffered in a motorcycle accident. They included Wood County as a necessary party because it paid Perkins' medical expenses. *See* sec. 49.65(3), Stats. Perkins sought recovery for his injuries, pain, and suffering. His mother sought recovery for the medical expenses occasioned by

the accident. A jury assessed damages of $50,000 for injuries, pain, and suffering, and $8,501.57 for medical expenses. The jury also found Perkins fifty percent contributorily negligent. After reducing the damage award for contributory negligence and offsetting a successful counterclaim, the trial court entered judgment against the defendants for $25,770.71, including costs and disbursements. It then apportioned $8,500 to the county for the medical expenses it paid, and the balance of the judgment to Perkins and his mother.

We reject Perkins' argument that the county cannot recoup its medical assistance payments from his recovery because he is not a medical assistance recipient as required by sec. 49.65(1). Perkins qualified for assistance because he was a person included in a grant of Aid to Families with Dependent Children. Section 49.46(1)(a)1, Stats., provides that any person included in an AFDC grant is eligible to receive medical assistance. We construe this language to mean that the individual receiving medical services is the recipient of assistance. This interpretation also is consistent with our supreme court's conclusion that welfare assistance is received for an individual's own benefit if the assistance pays for the individual's personal needs. *See Weber v. State,* 59 Wis. 2d 371, 381, 208 N.W.2d 396, 401 (1973). Because the medical assistance in this case paid for services rendered to Perkins, he is the recipient of assistance.

The county's failure to secure an assignment of rights from Perkins does not prevent recovery from his judgment. Although his mother assigned her rights to the county, Perkins contends that sec. 49.65(2), Stats., also requires an assignment from him. Section 49.65(2), however, does not regulate a county's subrogation rights

from a third-party tortfeasor. The statute provides that a county may require an assignment of indemnity rights against a third party, including an insurer. Because indemnity rights usually arise from contracts, an assignment of rights may be necessary to facilitate the county's recovery. Subrogation, however, puts one to whom a right does not belong in the position of the owner of that right. *Waukesha County v. Johnson,* 107 Wis. 2d 155, 160, 320 N.W.2d 1, 3 (Ct. App. 1982). Because a county can enforce its subrogation rights in its own name, *see* sec. 49.65(1), no assignment of rights is needed from the medical assistance recipient.

Although Perkins is the recipient of the medical assistance, the county is also entitled to recover from his mother's judgment. The mother sought recovery for Perkins' medical expenses because she was legally obligated to provide such care for the minor. *See Sulkowski v. Schaefer,* 31 Wis. 2d 600, 608, 143 N.W.2d 512, 516 (1966). She was therefore entitled to recover for medical expenses rather than Perkins. *See id.* at 608, 143 N.W.2d at 515. The medical expenses claimed by the mother were paid by the county, however, and the county became subrogated to such damages by operation of sec. 49.65(1). Because the county became subrogated pro tanto as a matter of law, the collateral source rule does not permit the mother to recover expenses paid by the county.[1] *See Rixmann v. Somerset Public Schools,* 83 Wis. 2d 571, 578–79, 266 N.W.2d 326, 330 (1978).

The trial court correctly apportioned the judgment between Perkins and the county. The court refused to re-

---

[1] The county also can recover from the mother's judgment in this case because she assigned her rights to the county.

duce the county's claim by the percentage of Perkins' contributory negligence or the reasonable costs of collection. Section 49.65(4), Stats., provides that reasonable collection costs, including attorney fees, should first be deducted from the judgment when apportioning it. The amount of assistance provided by the county should be deducted next. The remainder of the judgment is the recipient's. The statute does not provide that the recipient's negligence shall reduce the county's share of a judgment. The contributory negligence statute, sec. 895.045, Stats., also does not require such a result because contributory negligence only diminishes the damages allowed against the tortfeasor. Section 49.65(4) also makes clear that collection costs should not be deducted from assistance payments because collection costs and assistance payments are separate items deducted from the total judgment.

*By the Court.*—Judgment affirmed.