## LLOYD v. WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 119, September Term, 1957.]

*Decided July 3, 1958.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Henderson, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus* by Judge Mason, in the Baltimore City Court. The applicant was convicted by a jury in the Criminal Court of Baltimore on two charges of assault and one charge of receiving stolen goods, and on February 18, 1957, was sentenced by Judge Warnken to three months and eighteen months, respectively, on the assault charges, and three years on the other charge, all to run consecutively, or a total of four years and nine months. In the instant case he raises several questions of alleged errors in the course of the trial, none of which can be considered on *habeas corpus,* but which could be considered on appeal. His main contention, however, is that he was denied a right to perfect an appeal, because of a refusal to supply him with a transcript of the record.

At the trial the accused was represented by counsel of his own selection. After the verdict, counsel filed a motion for a new trial and requested a free transcript of the record, but the request was refused and counsel did not press the motion. After sentence, counsel for the accused noted an appeal to this Court and again requested that the trial court furnish a free transcript, on the ground that the accused was impecunious. Judge Warnken again refused the request, stating that, since the accused claimed ownership of three automobiles, and some $260 in cash was found on his person at the time of his arrest, the court was not satisfied that he was impecunious. It does not appear that these facts were further contested in the Criminal Court.

Counsel for the accused then filed a petition with the Board of Public Works, alleging that the defendant was without funds to obtain a transcript of the record, and requesting that the Board supply funds for that purpose. He also filed a petition in this Court for an extension of time for filing the record until thirty days after action upon his petition by the Board of Public Works. We granted the extension. The Board sought the advice of the Attorney General, who recommended that the petition be denied on the basis of the findings of Judge Warnken. Counsel for the accused then informed the Board that "of the three automobiles mentioned, one is junk, another was sold to pay the cost of towing and storage, and the third, the only good one, was seized by the finance company and no equity was realized from the seizure. The $260 mentioned went as part payment of counsel fee." He reiterated his claim that the accused was in fact impecunious at that time. It does not appear that any hearing was held, but on July 22, 1957, the Board notified the petitioner that his request had been refused. Counsel for the accused then withdrew from the case and the appeal was not perfected. Application for *habeas corpus* was filed in proper person on December 31, 1957. Judge Mason based his refusal of the writ on the findings of Judge Warnken that the accused was not impecunious.

In *Griffin v. Illinois,* 351 U. S. 12, (1956), the Supreme Court held that an indigent defendant who takes a timely

appeal but is unable to perfect it because of his poverty, is denied a right guaranteed by the Fourteenth Amendment of the federal constitution. In such a case, an applicant is either entitled to release upon *habeas corpus,* or to a transcript of the record at state expense and hearing on appeal. Cf. *Dowd v. United States ex rel. Cook,* 340 U. S. 206. In the recent case of *Eskridge v. Prison Board,* 357 U. S. 214, 26 L. W. 4440, the Supreme Court, on *certiorari* from the denial of a writ of *habeas corpus,* followed its ruling in the *Griffin* case and held that the constitutional rights of an accused, tried in 1935, had been denied, where the trial court had refused a request for a free transcript on the ground that no grave or prejudicial errors had been committed. In each of the cases cited, however, the state had conceded that the accused was impecunious. We have long recognized in this State that interference with an attempt to appeal, by the State or a public official, if clearly established, justifies an order for a delayed appeal. *Beard v. Warden,* 211 Md. 658, 661, and cases cited. Cf. *Beard v. State,* 216 Md. 302, 305, 307. In *Person v. Warden,* 217 Md. 650, we held that *habeas corpus* would not lie where the applicant made no effort to appeal and no application based on his alleged indigency.

In the instant case the procedure authorizing application to the Board of Public Works was adopted as a temporary expedient to meet constitutional requirements, until such time as the legislature could take appropriate action. The matter is now governed by Chapter 68 of the Acts of 1958, effective June 1, 1958. This Act added a new Section 15A to Article 5 of the Code (1957), providing that an accused may file with the court imposing sentence a petition under oath alleging the fact of his poverty; and that the trial court, upon being satisfied that such defendant is unable by reason of poverty to defray the expense of prosecuting an appeal, shall sign an order directing that such costs be paid by the State. This procedure, of course, was not in effect at the time the appeal was filed by the defendant.

If we assume, without deciding, that Judge Warnken's ruling was correct at the time it was made, and the record does not show any proffer of evidence to the contrary, we

think the Board of Public Works was not justified in relying wholly upon it to deny the request for a free transcript. At that time the appeal was still open and the issue as to poverty was squarely raised. The financial resources on which Judge Warnken based his findings were alleged to be no longer available. The Board had funds in hand to pay for the transcript requested. If the allegations made by counsel for the accused were true, and the defendant was without funds to perfect the appeal, we think the defendant was at least entitled to a determination of the issue at that time, and his right was not foreclosed by the prior ruling under the circumstances. In so holding, we express no opinion as to the effect of the new section quoted, upon cases arising after its effective date.

Since the petition on its face raises a question of constitutional rights that should have been resolved, we will remand the case so that, if the State still contests the questions as to the poverty of the defendant, the writ may issue and a hearing be held to determine that fact. If the trial court determines that the defendant was impecunious and unable to perfect the appeal for that reason, at the time his request was refused by the Board of Public Works, a certified copy of his findings should be sent to the clerk of the criminal court, who should promptly prepare and forward to this Court the record in the case, at state expense. Upon receipt of the transcript the appeal will be reinstated and heard in due course.

> *Case remanded for further proceedings in conformity with the views herein expressed, costs to abide the result.*