## STATE v. SHOEMAKER

[App. No. 67, September Term, 1960.]

*Decided June 19, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

HAMMOND, J., delivered the opinion of the Court.

In this post conviction case, the application for leave to appeal is by the State from an order of Judge Digges entered in 1960, directing that the petitioner be granted a delayed appeal from his conviction of rape in 1957.

The accused's uncle had furnished funds to pay the lawyer who represented him. After the verdict, the accused told his lawyer he wished to file a motion for a new trial and that if this were unsuccessful, an appeal. The next day the prisoner's wife called the lawyer and directed him vigorously and explicitly to take no further part in the case. Despite this, the lawyer filed and argued the motion for a new trial, feeling that his duty to his client required this much. The motion was denied and the lawyer took no further part in the case. He did not advise his client that he had been told not to do so by the wife.

The wife asked a Washington lawyer, who had represented

her in other matters, to prosecute an appeal for her husband. The Washington lawyer was not admitted to practice in Maryland and requested a lawyer who practiced both in Washington and in Maryland to handle the case. The Washington-Maryland lawyer filed notice of an appeal and later requested and received an extension of time for the filing of the record but, apparently because a retainer fee requested of the wife had not been paid, did nothing further to perfect the appeal. He never met or consulted with the prisoner or even advised him that he had been retained in his behalf..

It appears from the record that the prisoner patiently awaited the results of the appeal he thought he had taken and, hearing nothing, wrote to his original attorney to inquire about the status of his case and, discovering that his appeal had been dismissed, sought relief under the Post Conviction Procedure Act.

Judge Digges, after hearing the testimony of the prisoner, his original lawyer, and the Washington lawyer (the Washington-Maryland lawyer did not appear), made the following findings of facts:

That the prisoner was a pauper; that the Washington-Maryland lawyer did not advise the prisoner that he could proceed as a pauper without payment of costs or counsel fee; that his right to have the case heard before the Court of Appeals was frustrated by not being able to pay the expenses of the appeal; that he had no intention of abandoning the appeal and did not abandon the appeal; and that the prisoner from the time of his conviction on, had done everything within his power to seek a review of the judgment against him, and that only the lack of funds had prevented perfection and hearing of the appeal.

Judge Digges ordered that the record in the case be prepared at the expense of the State and sent to the Court of Appeals for review of the judgment, and that the court-appointed counsel who represented the prisoner at his post conviction hearing be appointed as his attorney to represent him in the appeal.

The State takes the position that the prisoner had waived any right he may have had to appeal.

642

We think the findings of fact by Judge Digges leave no basis for the sustaining of the State's position. The prisoner was not apprised that his original lawyer was no longer in the case or that he had a new lawyer and, apparently with justification, believed that the appeal which he had requested was being perfected. Although the State had no part in preventing his appeal, we think that under the circumstances Judge Digges did not err in ordering that the case be forwarded to this Court for review. *Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891; *Eskridge v. Washington Prison Board,* 357 U. S. 214, 2 L. Ed. 2d 1269; *Lloyd v. Warden,* 217 Md. 667; cf. *Brown v. Warden,* 221 Md. 582.

> *Application denied, costs to be paid by the County Commissioners of Prince George's County.*