SPENCER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 77, September Term, 1959.]

*Decided February 19, 1960.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Hammond, J., delivered the opinion of the Court.

Everett Edmon Spencer withdrew his not guilty plea and, through counsel, pleaded guilty to larceny at his trial on February 16, 1959. After a pre-sentence investigation by the Department of Parole and Probation, the court sentenced him to two years' confinement in the Maryland House of Correction.

The following June Spencer filed a petition for relief under the Post Conviction Procedure Act. Counsel was appointed to represent him and a hearing, at which petitioner was not present, was held before Judge Marbury, who dismissed the petition. Petitioner seeks leave to appeal.

Spencer contends generally that he was not guilty and that he did not have a fair trial. The first contention does not make a case for post conviction review, *State v. D'Onofrio,* 221 Md. 20, and the latter is not supported by any specific averments of fact, which it must be if it is to· be effective. *Niblett v. Warden,* 221 Md. 588.

Spencer made other allegations which can be summarized and disposed of in this wise:

(1) That his lawyer pleaded him guilty and had him tried by a judge when he wanted to plead not guilty and have a jury trial. He alleges in his brief on appeal, although not in the original petition, that he complained of this to the lawyer but he does not say that he made the complaint known to the court. Accordingly, the point cannot be raised now. *Dobson v. Warden,* 220 Md. 689; *Banks v. State,* 203 Md. 488.

(2) That his sentence was too harsh, which was attributable to his counsel's ineptitude and lack of diligence. His sentence is well within the 15 year maximum (Code (1957), Art. 27, Sec. 340, although the record does not show the value of the goods stolen, but no point is made of this by petitioner) and was imposed after a pre-sentence investigation. The alleged shortcomings or wrong guesses of counsel are

not subjects for post conviction review. *Banks v. Warden,* 221 Md. 592.

The most serious claim Spencer makes in his petition is "that a letter asking for a new trial was not received by the Judge." He amplifies this in his brief on appeal by saying (in speaking of the night of the day of his trial) : "I wrote the Hon. Judge Fletcher that night and asked for a new trial or to appeal my case—but my letter was found torn up in the Warden's trash can." Ordinarily, the sufficiency of an allegation of a petitioner that there had been a denial of an appeal would be measured by what he said in his petition and not by considering his explanations in a brief. However, Judge Marbury said that "The record does not disclose that the right to appeal was denied the petitioner," and it would thus appear that the contention of deprivation of an attempted appeal was made at the hearing and disposed of without the taking of testimony. The contention, because of its negative nature, seems insusceptible of determination solely on the basis of the record, and we think that there should be a specific finding as to whether or not Spencer made a timely effort to appeal by a letter which was kept from its destination by officials of the State. *Beard v. Warden,* 211 Md. 658.

Spencer's appointed counsel did not amend the petition for post conviction relief and details as to the denial of the right of appeal do not, as we have pointed out, appear in the petition. Petitioner was not in court to present his version of what occurred, nor was it presented by other witnesses. These considerations, in view of the general nature of the court's finding make it necessary to remand the case so that a hearing may be held to determine whether the allegation of an attempt to appeal is true. If the trial court determines that it is and that Spencer is entitled to an appeal, the clerk of the Circuit Court for Prince George's County should promptly prepare and forward to this Court the record in the case. *Beard v. Warden, supra.*

> *Application for leave to appeal granted, and case remanded for further proceedings in conformity with the views herein expressed.*