711 A.2d 170

**William R. GARRISON**

v.

**STATE of Maryland.**

**No. 81, Sept. Term, 1997.**

Court of Appeals of Maryland.

June 11, 1998.

Robert F. Barry, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY, CHASANOW, RAKER and WILNER, JJ., and DALE R. CATHELL, Judge (specially assigned).

DALE R. CATHELL, Judge (specially assigned).

Appellant William R. Garrison was convicted in the District Court of Maryland sitting in Baltimore City of assault and four related traffic offenses. Appellant asked his attorney to perfect an appeal to the circuit court in the matter. The appeal never was filed.

In his *pro se* petition for post conviction relief and during the post conviction hearing, appellant alleged that because of his attorney's failure to file an appeal on his behalf, he was denied his right to a direct appeal to the circuit court for a trial de novo. He requested in his petition the right to file a belated appeal. Finding that appellant failed to present substantive evidence supporting the likelihood of success on the merits as to his guilt or innocence, thus essentially finding that appellant had failed to present evidence of prejudice, the post conviction court denied relief. Appellant appealed to the Court of Special Appeals, and we granted certiorari before that court heard arguments in this case.

## I. Facts

The facts of this case are not seriously disputed. Appellant William R. Garrison initially was charged with assault with intent to murder, assault, and trespass for acts occurring on July 17, 1995. He also was charged with four traffic offenses: attempting to elude, driving through a red signal, failing to remain at the scene of an accident involving property damage, and reckless driving. On September 26, 1995, after the State nol prossed the assault with intent to murder charge, appellant was tried in the District Court and found guilty of the assault charge and traffic offenses. He was sentenced on December 5, 1995, to a two-year term of incarceration for the assault charge and to time served plus fines for the traffic offenses.

Evidence presented at the post conviction hearing indicated that on the day he was convicted in the District Court, appellant asked his attorney to file an appeal on his behalf.[1] Appellant's attorney agreed with appellant, suggesting that he should appeal the judgment, but told appellant an appeal could not be filed until after sentencing. Counsel later wrote appellant a letter encouraging him to appeal his conviction, and

---

1. Only the petitioner testified at the post conviction hearing. His trial counsel was available to testify for the State, but the State declined to call him. The State presented no evidence at appellant's post conviction hearing.

appellant responded in a letter that he unquestionably desired an appeal.

On his own volition and prior to sentencing, appellant wrote to the Circuit Court for Baltimore City requesting appeal forms. Appellant received in response a letter asking for his case number. After sentencing, appellant again told his attorney that he desired to file an appeal. At some point, appellant's father helped in arranging representation with appellant's trial attorney for the appeal, but that attorney did not pursue the appeal. Appellant also made numerous statements to other parties during this time indicating his desire and intent to file an appeal.

After his sentencing and still within the time permitted for filing an appeal, appellant again wrote to the circuit court stating his desire to appeal the District Court judgment. The circuit court informed appellant by a letter dated December 12, 1995, that he must file his appeal with the District Court. Appellant wrote to the District Court to request the required forms, but on December 29, 1995, he was moved to a different institution before he received a response.

After he was transferred, appellant again requested appeal forms from the District Court. The District Court's response did not arrive, however, until after the deadline to file an appeal had passed. During the time in which his appeal could have been perfected, appellant also requested assistance in filing his appeal from the Office of the Public Defender's Post Sentence Assistance Unit, but an assistant public defender did not respond to appellant's request until after the deadline to file an appeal had passed. Although not completely clear from the District Court docket entries, it appears that at all times during which appellant was attempting to have his counsel perfect an appeal and while he was actively seeking assistance from the respective courts and the Public Defender's office, he was incarcerated.

Appellant filed a *pro se* petition for post conviction relief with the circuit court on June 19, 1996, requesting a belated appeal for a trial de novo in the circuit court. Appellant

alleged in his petition that he had been denied his right to a direct appeal. The hearing judge denied appellant's request for relief, stating that "[b]ecause the [appellant] failed to present evidence required to support his request for a belated appeal, it is unnecessary to determine whether counsel's performance was deficient."

Appellant presents one question for review:

Does a post-conviction petitioner seeking a de novo appeal to the circuit court from a District Court conviction based on counsel's failure to file [a] requested appeal need to present evidence of the District Court proceedings to prove that his appeal is likely to be successful in order to qualify to receive the belated appeal?

## II. Discussion

Appellant's request was premised upon the argument that he was denied the right to an appeal to the circuit court because of his attorney's failure to file an appeal. In its written Order filed March 28, 1997, the post conviction hearing court denied appellant's request for a belated appeal. After analyzing several cases, the trial court stated:

At the post conviction hearing, [appellant] presented evidence in the form of testimony and documents to support his contention that he made several unsuccessful attempts to perfect an appeal himself as well as making requests of his attorney to file an appeal on his behalf. Because [appellant] failed to present evidence required to support his request for a belated appeal, it is unnecessary to determine whether counsel's performance was deficient.

*Where [appellant's] case falls short is that he did not present any substantive evidence regarding the District Court trial or the issues about which he was concerned.* [Appellant] implies, but does not in any sense demonstrate, that the evidence before the District Court was not legally sufficient to sustain his assault conviction. Without knowing what that evidence was, or what any newly discovered or now available evidence might be, this Court has no more

idea now that the post conviction hearing has occurred than it did prior to the hearing as to why [appellant] believes he would have prevailed on appeal. *At a minimum, he should have presented an explanation and analysis of the evidence before, and rulings by the District Court, or a transcript of those proceedings with similar analysis, and/or testimony concerning newly discovered or now, but not then available evidence* so that this Court could make some assessment as to whether there was indeed a colorable basis for the appeal, a substantial possibility that the result on appeal would have been different or whether the appeal would have any merit or was likely to succeed. [Emphasis added; footnote omitted; citations omitted.]

Appellant initially requests that we reverse and permit him to file a belated appeal as a post conviction remedy because he was denied his right to an appeal through no fault of his own. Alternatively, as to this issue, appellant requests that this case be remanded for a hearing to determine whether his right to effective assistance of counsel was violated so that he should be granted a belated appeal as post conviction relief. We shall not directly address the issue of effective assistance of counsel.

Appellant also argues that the post conviction court erred in requiring him to present evidence from the District Court. He contends that the cases interpreted by the hearing judge as imposing a requirement that a post conviction petitioner show a likelihood of success on the substantive merits of his appeal are, even if properly interpreted by the circuit court, either inapplicable to de novo appeals from the District Court or are distinguishable. Appellant bases the second part of his argument primarily on the inherent differences between de novo appeals from the District Court, which require no record from the lower court, and appeals from the circuit court to either the Court of Special Appeals or this Court, which usually are on the record. We shall base our decision on the provisions relating to de novo appeals from the District Court to the circuit court and on the Maryland case law relating to requests for belated appeals in criminal cases.

Appellee gives some credence to appellant's argument that the circuit court erred in requiring appellant to show a likelihood of success on the substantive merits of the appeal of his District Court convictions in order to prevail on his post conviction request for a belated de novo appeal. Nonetheless, appellee argues we should remand the case to the circuit court for further proceedings because the post conviction court explicitly chose not to resolve the issue of whether appellant's counsel executed his services deficiently by not noting the appeal.

We hold that the hearing court erred in imposing a requirement that appellant show prejudice by presenting evidence from the District Court proceedings to prove that he was likely to succeed on the merits of an appeal from his underlying convictions. Moreover, we shall direct the trial court to grant petitioner a belated appeal. We explain.

## A. De Novo Trials

■ A defendant convicted in the District Court of Maryland is guaranteed a right to appeal that conviction to the circuit court. *Stone v. State*, 344 Md. 97, 105, 685 A.2d 441, 444 (1996) ("An appeal from a judgment of the District Court is an appeal as a matter of right."); *Burch v. State*, 278 Md. 426, 428, 365 A.2d 577, 578 (1976) (noting that section 12–401 of the Courts and Judicial Proceedings Article "grants to a criminal defendant, without qualification, the right to appeal from a final judgment in the District Court."). The Maryland Code dictates that this appeal "shall be tried de novo." Md. Code (1973, 1995 Repl.Vol., 1997 Supp.), § 12–401(f) of the Courts and Judicial Proceedings Article (CJ); Md. Rule 7–102(b).[2] Notice of appeal must be filed within thirty days after the entry of the judgment or order by the District Court. Md. Rule 7–104(a).

---

**2.** Section 12–401(f) also provides that the parties may consent to having the appeal be "on the record made in the District Court." See also similar provisions in Md. Rule 7–102(b).

■ In *Hardy v. State,* 279 Md. 489, 369 A.2d 1043 (1977), we were called upon to examine whether a defendant convicted in the District Court had a right to a jury trial in the circuit court upon an appeal de novo. In that context, we explained that "de novo" generally means "afresh" or "anew," and concluded that the legislature intended that term, as used in section 12–401 of the Courts and Judicial Proceedings Article, to mean that an appeal de novo "be treated as an original circuit court proceeding." *Id.* at 494–95, 369 A.2d at 1047. *See also Kleberg v. State,* 318 Md. 411, 415, 568 A.2d 1123, 1124 (1990) (quoting *Hardy,* 279 Md. at 494–95, 369 A.2d at 1047). Accordingly, an appeal de novo to the circuit court "is treated as a wholly original proceeding as if the charges had not been heard before and no decision had been rendered." *State v. Jefferson,* 319 Md. 674, 681, 574 A.2d 918, 921 (1990) (citing *Hardy,* 279 Md. at 493, 369 A.2d at 1046).

■ Consistent with our views expounded in *Hardy* and its progeny, this unqualified review in the circuit court is not simply a rehashing of the case presented in the District Court. Rather, because the appeal is actually a trial de novo, the State and the defendant, if they so choose, normally must produce evidence a second time. *Huff v. State,* 325 Md. 55, 66, 599 A.2d 428, 433 (1991). *See also Kirsner v. State,* 296 Md. 567, 571, 463 A.2d 865, 867 (1983) (noting that because appeals from the District Court are heard de novo, the circuit court cannot review any materials from the District Court proceedings). Additionally, the parties in the circuit court de novo trial generally neither are limited to the evidence presented at the District Court trial nor are required to present the same evidence.[3]

With regard to belated de novo appeals, Pennsylvania utilizes procedures similar to this State's, where certain convictions entered in its District Courts can be appealed only to the Court of Common Pleas. In *Commonwealth v. Jarema,* 404

---

**3.** We note at least one exception, however, where the parties have consented to an on the record appeal to the circuit court pursuant to CJ 12–401(f) and Maryland Rule 7–102(b).

Pa.Super. 121, 590 A.2d 310 (1991), the Superior Court of Pennsylvania granted Jarema an appeal nunc pro tunc[4] for traffic violation convictions where the District Court judge may not have advised Jarema fully of his unqualified right of appeal to the Court of Common Pleas. In discussing Pennsylvania's appeals procedures, the Court stated: "There are no preconditions or qualifying criteria which must be met before the right to appeal a [conviction in the District Court] attaches.... The right to appeal for trial *de novo* is emasculated if a defendant is not informed of his or her right to appeal and how to perfect such an appeal." *Id.* at 123, 590 A.2d at 311–12 (citation omitted).

In *Commonwealth v. Stock*, 545 Pa. 13, 679 A.2d 760 (1996), the defendant's attorney told the defendant that his hearing for traffic citations to be held in the District Court had been postponed and that it was unnecessary for the defendant to attend the hearing. This information was incorrect, and the defendant was tried in absentia. He asked his attorney to appeal the convictions to the Court of Common Pleas for a trial de novo, but the attorney failed to file a timely appeal. Thus, the issue before the Supreme Court of Pennsylvania was "whether an appeal nunc pro tunc should be granted to a

---

**4.** Defendants convicted of minor criminal citations in Pennsylvania and whose attorneys fail to file appeals in their behalf must seek relief by an appeal nunc pro tunc, rather than a collateral request for a belated appeal, because in that state, those not incarcerated by imprisonment may not seek relief under the Post Conviction Relief Act. *See Commonwealth v. Stock*, 545 Pa. 13, 20, 679 A.2d 760, 764 (1996) (noting "[a]ppellant is not able to vindicate his right to appeal via the Post Conviction Relief Act since he is ... not 'incarcerated in this Commonwealth under a sentence of death or **imprisonment or on parole or probation.'** "). *Stock* also discusses the evolution and development of Pennsylvania case law regarding the general rules for appeals nunc pro tunc: "Reading the civil cases and criminal cases together, the principle emerges that an appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id.* at 19, 679 A.2d at 764. *Jarema*, 404 Pa.Super. at 123, 590 A.2d at 311, identifies Rule 86 of the Pennsylvania Rules of Criminal Procedure as the source of the case law treatment described above. The actual references to "extraordinary circumstances" permitting belated appeals is not found in the rule itself, but in the rule's case law annotations.

defendant in a summary criminal case where his privately retained attorney failed to perfect a timely appeal to the Court of Common Pleas." *Id.* at 14, 679 A.2d at 761. In reversing the Superior Court, the Supreme Court of Pennsylvania opined that "an appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." *Id.* at 19, 679 A.2d at 764. Accordingly, because the defendant otherwise would be denied his appeal of right of the District Court convictions because of his attorney's inaction, the circumstances of that case warranted granting the defendant the remedy of an appeal nunc pro tunc.

■ As we have explained, in an appeal from the District Court, when a criminal defendant requests an appeal de novo, he generally receives a new trial virtually automatically; whether the appeal is meritorious is simply not relevant in that context. The hearing court noted this distinction in a footnote but concluded that it "could find no compelling reason why the principle's application to cases involving appeals on the record ought not to apply in this instance." The reason is both simple and compelling. In de novo appeals to the circuit court, the accused normally gets a brand new bite at the apple. *See Burch*, 278 Md. at 428, 365 A.2d at 578. Our determination is consistent with the historical purpose of de novo appeals from the District Court. *See Huff*, 325 Md. at 72, 599 A.2d at 436 ("[T]he historical reason most frequently assigned for perpetuating de novo appeals, following the creation of the District Court of Maryland, is to enable persons who could not afford a transcript of the record the opportunity to have adverse judgments rendered by the District Court subject to a second look.").

## B. Belated Appeals

As a matter of Maryland case law, relating to post conviction proceedings, whenever a defendant is denied, *through no fault of his own,* his right to an appeal which he desires and to which he is entitled, he has the right to a belated appeal. We explain.

■  The allowance of belated appeals generally is disfavored. There exists no rule, however, preventing courts from providing belated appeals as a remedy under the Post Conviction Procedure Act. *Wilson v. State*, 284 Md. 664, 672, 399 A.2d 256, 260 (1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1858, 64 L.Ed.2d 275 (1980); *Waters v. State*, 76 Md.App. 548, 553, 547 A.2d 665, 668 (1988). *See generally* Md.Code (1957, 1996 Repl.Vol., 1997 Supp.) Art. 27, § 645A. Typically, courts permit belated appeals when " 'a timely direct appeal was attempted, but thwarted by the action of State officials.' " *Wilson*, 284 Md. at 672, 399 A.2d at 260 (quoting *Sewell v. Warden*, 235 Md. 615, 618, 200 A.2d 648, 649 (1964)), or when a defendant, through no fault of his own, is denied an appeal, *Beard v. Warden*, 211 Md. 658, 661, 128 A.2d 426, 427 (1957).

■  As a matter of Maryland case law, a defendant in a criminal case denied his right to a desired appeal through no fault of his own, and who has been diligent in attempting to assert his appeal rights, is entitled to a belated appeal, without the necessity of presenting any other evidence of prejudice. We opined in *Sewell*, 235 Md. at 618, 200 A.2d at 649:

The instances in which belated appeals in criminal cases usually have been allowed are those in which a timely direct appeal was attempted, but thwarted by the action of State officials. See *Bernard v. Warden*, 187 Md. 273, 282 [49 A.2d 737, 741 (1946) ] and *Coates v. State*, 180 Md. 502 [, 504, 25 A.2d 676, 677, *cert. denied, Coates v. Brady*, 317 U.S. 625, 63 S.Ct. 33, 87 L.Ed. 506 (1942) ]. See also *Beard v. Warden*, 211 Md. 658, 661, [128 A.2d 426, 427], *Lloyd v. Warden*, 217 Md. 667, 670, [143 A.2d 483, 484 (1958) ], *Spencer v. Warden*, 222 Md. 582, 585, [158 A.2d 317, 319 (1960) ]and *Fisher v. Warden*, 230 Md. 612, 615 [185 A.2d 198, 200 (1962) ]. Cf. *State v. Shoemaker*, 225 Md. 639 [, 640–41, 171 A.2d 468, 469 (1961) ]. Under such circumstances the Supreme Court has indicated that the state must either furnish a delayed appeal or release the prisoner. *Dowd v. United States ex rel. Cook*, 340 U.S. 206 [209–10, 71 S.Ct. 262, 264, 95 L.Ed. 215 (1951) ].

In *Fisher*, 230 Md. at 615–16, 185 A.2d at 200, we said:

We have recognized that interference with an attempt to appeal by an official of the State justifies a delayed appeal. If Fisher's allegation that he was in effect coerced, or at the least, induced, by Judge Carter's offer to abandon the appeal, to which he had a right, can be established, it is clear that this would constitute an unwarranted interference with the petitioner's right to appeal, and he would be entitled to a delayed appeal. [Citations omitted.]

We held likewise in *Spencer*, 222 Md. at 585, 158 A.2d at 319, where although " '[t]he record d[id] not disclose that the right to appeal was denied the petitioner,' ... it [appeared] that the contention of deprivation of an attempted appeal was made at the hearing and disposed of without the taking of testimony." Accordingly, we remanded the case to the trial court to determine "whether the allegation of an attempt to appeal is true. If the trial court determines that it is and that Spencer is entitled to an appeal, the clerk of the Circuit Court for Prince George's County should promptly prepare and forward to this Court the record in the case. *Beard v. Warden, supra.*"

Similar circumstances arose in *Garrigan v. Superintendent*, 218 Md. 662, 665, 146 A.2d 431, 433 (1958), where the accused claimed unidentified authorities at the jail in which he was incarcerated misinformed him with regard to the time permitted to file an appeal. We noted:

We think the jail authorities were under no obligation to furnish legal advice to the applicant, but if any responsible officials did so and if they furnished incorrect advice, and if the applicant reasonably relied thereon and so failed to appeal within the proper time (thirty days), he should be allowed a delayed appeal. We note that he had counsel at his trial, who undoubtedly could have advised him correctly as to the time for appeal.

*Id.* We accordingly remanded that case to the trial court to determine whether the misinformation occurred. If so, and the accused reasonably relied upon that information, we noted that he should be granted a direct belated appeal.

■ In *Beard*, 211 Md. at 661, 128 A.2d at 427, we said, and perhaps best stated, the Maryland law on belated appeals in circumstances similar to those in the case at bar: "If the applicant did all that he could to note an appeal in due time and was prevented from making the appeal effective as he claims, he is entitled to a delayed appeal. *Coates v. State*, 180 Md. 502, 504 [25 A.2d 676]; *Bernard v. Warden*, 187 Md. 273, 282 [49 A.2d 737]." Moreover, what we said in *Coates* applies with equal force to the case at hand: "The prisoner did all that his ignorance and lack of advice permitted in forwarding his appeal in time, and the nature of his objection requires that it be accepted as of that time." *Coates*, 180 Md. at 504, 25 A.2d at 677. *See also Gluckstern v. Sutton*, 319 Md. 634, 663–64, 574 A.2d 898, 912, *cert. denied, Henneberry v. Sutton*, 498 U.S. 950, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990); *Shoemaker*, 225 Md. 639, 171 A.2d 468; *Lloyd*, 217 Md. at 670, 143 A.2d at 484–85.[5]

In *Shoemaker*, we described the circumstances leading to the post conviction court's grant of the defendant's request for a belated appeal:

The accused's uncle had furnished funds to pay the lawyer who represented him. After the verdict, the accused told his lawyer he wished to file a motion for a new trial and that if this were unsuccessful, an appeal. The next day the prisoner's wife called the lawyer and directed him vigorously and explicitly to take no further part in the case. Despite this, the lawyer filed and argued the motion for a new trial, feeling that his duty to his client required this much. The motion was denied and the lawyer took no further part in the case. He did not advise his client that he had been told not to do so by the wife.

The wife asked a Washington lawyer, who had represented her in other matters, to prosecute an appeal for her husband. The Washington lawyer was not admitted to practice in Maryland and requested a lawyer who practiced

---

5. *Garrigan, supra,* and *Beard* were *habeas corpus* proceedings.

both in Washington and in Maryland to handle the case. The Washington–Maryland lawyer filed notice of an appeal and later requested and received an extension of time for the filing of the record but, apparently because a retainer fee requested of the wife had not been paid, did nothing further to perfect the appeal. He never met or consulted with the prisoner or even advised him that he had been retained in his behalf.

It appears from the record that the prisoner patiently awaited the results of the appeal he thought he had taken and, hearing nothing, wrote to his original attorney to inquire about the status of his case and, discovering that his appeal had been dismissed, sought relief under the Post Conviction Procedure Act.

*Id.* at 640–41, 171 A.2d at 469. Finding that Shoemaker never intended to abandon his appeal but instead "had done everything within his power to seek a review of the judgment against him," the post conviction court granted Shoemaker a belated appeal. *Id.* at 641, 171 A.2d at 469. We agreed with the post conviction court and denied the State's leave to appeal the post conviction court's ruling, noting that although the State did not thwart Shoemaker's direct appeal, Shoemaker's attorneys did hamper his appeal efforts because Shoemaker expressed his instructions for the appeal and believed them carried out. In fact, Shoemaker, based upon his instructions to his attorneys, had no idea an appeal had not been filed. These circumstances, we held, warranted granting Shoemaker a belated appeal.

As these cases make clear, when an accused can show that appellate review of his conviction has been frustrated by his trial or appellate attorney's inaction in failing to file timely an appeal that an accused has promptly and diligently requested be filed,[6] or when, through no fault of his own, an accused's

---

6. In District Court appeals to the circuit court Maryland Rules 7–103(a) and 7–107(a)(2) make clear that the mere filing of an appeal in the District Court does not enter the attorney's appearance in the circuit court. Whether the attorney filing the appeal in the District Court

desired appeal is not timely filed on his behalf, a belated appeal may be a proper remedy under post conviction procedures.

With regard to the particular facts at hand, the hearing court was obligated to determine whether appellant was entitled to post conviction relief. If appellant's counsel failed to file an appeal that appellant timely requested him to file, the hearing court should have considered relief in the form of appellant's requested belated appeal. We hold that in such circumstances, a belated appeal is an appropriate remedy.

### III. Conclusion

There is no requirement in a post conviction proceeding that a defendant, seeking a belated appeal from a judgment of the District Court *on the ground of his counsel's failure to file an appeal*, that the defendant timely requested be filed, present evidence from the District Court proceeding to prove that the issue or issues to be presented on appeal are likely to succeed. Moreover, with respect to de novo appeals from the District Court, there is, generally, no District Court issue on appeal because the appeal is tried in the circuit court de novo. In Maryland, a defendant who is denied a desired appeal that he timely requests, through no fault of his own, is entitled to a belated appeal.

Under the circumstances of this case, when the State presented no testimony or evidence at the hearing challenging petitioner's assertion, and did not disagree that his trial counsel improperly failed to file an appeal, the evidence as to

---

would have any obligation to represent the client during the appeal in the circuit court would depend upon the agreement between the attorney and the client. The matter of the entry of appearances of attorneys in appeals to the Court of Special Appeals and to this Court are governed by Maryland Rule 8–402 that provides that appearances continue unless stricken in the lower court pursuant to Maryland Rules 1–132 or 4–214, or the attorney notifies the appellate court clerks in writing not to enter the attorney's appearance, or the attorney's appearance is terminated by the entry of an appearance by the Public Defender or an attorney designated by the Public Defender.

that failure is uncontradicted. Accordingly, we direct the circuit court to grant petitioner a belated appeal.

**JUDGMENT REVERSED; CASE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE CITY.**