72 A.3d 538

**Robert OKU**

v.

**STATE of Maryland.**

**No. 59, Sept. Term, 2012.**

Court of Appeals of Maryland.

Aug. 16, 2013.

584

Binny Miller (American University, Washington College of Law, Criminal Justice Clinic, Washington, DC), on brief, for petitioner.

Daniel Jawor, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen. of Maryland, Baltimore, MD), for respondent.

Argued before BARBERA, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, McDONALD, and

**586**

BELL *, JJ.

BARBERA, C.J.

This case calls upon us to answer the question of whether a criminal defendant's inculpatory testimony at his trial in District Court can be used against him by the State, when, upon conviction, the defendant takes an appeal *de novo* in Circuit Court. As we shall explain, in this case the answer to that question is "yes."

## I.

The facts giving rise to this appeal are not complicated. Petitioner Robert Oku was convicted in the District Court of Maryland in Montgomery County, and again in the Circuit Court for Montgomery County, on the charge of second-degree assault. The crime occurred on July 21, 2011. On that day, Petitioner attacked Santos Mijango in the elevator of Mijango's apartment building in Silver Spring, Maryland.

Mijango testified at the trial *de novo* in Circuit Court that Petitioner was inside the elevator when he entered the elevator on the first floor. Before Mijango could press the elevator button for his floor, Petitioner punched the left side of Mijango's face, then hit him a second time. Mijango fell to the ground. The next thing he remembered was getting up and going to his apartment to find his wife. By the time Mijango and his wife went downstairs to call the police, the police had responded to the lobby of the apartment building. Mijango sustained injuries to his head and face as a result of the altercation.

Petitioner was charged with second-degree assault and reckless endangerment in connection with that incident. The case came on for trial in District Court. At that proceeding, Petitioner, testifying on his own behalf, admitted to having

---

* Bell, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

punched Mijango.[1]  Petitioner was convicted of both charges. Petitioner exercised his right, pursuant to Maryland Code (1974, 2013 Repl.Vol.), § 12–401 of the Courts and Judicial Proceedings Article ("CJ"), to have his case tried *de novo* in the Circuit Court.

Before the start of that trial, Petitioner waived his right to a jury.  He also made a motion *in limine* to have the Circuit Court exclude the testimony he gave at the District Court proceeding.  The Circuit Court denied the motion, concluding that the *de novo* system did not require the court to ignore testimony previously given under oath in a District Court trial, as long as the proper foundation could be laid for its admission.

Mijango, testifying as the State's sole witness, identified Petitioner as his attacker.  The State then moved for the introduction of a certified recording of Petitioner's testimony from the District Court trial.  Petitioner objected, arguing that both the nature of the *de novo* trial and his Fifth Amendment privilege against compelled self-incrimination barred the State's use of his testimony in District Court during its case-in-chief.  The court overruled the objection, reasoning that the admission of Petitioner's testimony in District Court did not run afoul of the hearsay rules and, insofar as the court could determine, there was no rule or statute prohibiting the introduction of a defendant's statement made at a District Court proceeding.  At that point, the parties agreed simply to stipulate "that there was a prior trial below at which the defendant testified that he was the person on the elevator, that he struck Mr. Mijango [twice], and that he wasn't in fear—in other words, there was no self defense issue."

The Circuit Court granted Petitioner's motion for judgment of acquittal on the reckless endangerment charge, and, relying

---

1.  The transcript of Petitioner's testimony in the District Court is not part of the record on appeal.  Petitioner, who was represented by counsel in the District Court, does not contest that he made that admission while testifying.

on Petitioner's District Court testimony and Mijango's in-court identification of Petitioner, found him guilty of second-degree assault. Following imposition of sentence on a later date, Petitioner filed a petition for certiorari in this Court, pursuant to CJ §§ 12–305 and 12–307. We issued the writ, *Oku v. State,* 428 Md. 543, 52 A.3d 978 (2012), to answer the following questions, as posed by Petitioner:

1. Whether Petitioner's right to a *de novo* appeal of his District Court conviction under Maryland Code § 12–401 of the Courts and Judicial Proceedings Article was violated when Petitioner's testimony from the District Court trial was admitted into evidence in his Circuit Court trial, effectively nullifying Petitioner's ability to have a "second bite at the apple" and relieving the State of its burden to present evidence and prove Petitioner's guilt beyond a reasonable doubt?

2. Whether Petitioner's due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 24 of the Maryland Declaration of Rights, were violated when Petitioner's testimony from the District Court trial was admitted into evidence in his Circuit Court trial, thus denying him the full benefit of the process that must be afforded him under the *de novo* system?

In briefing his argument on the second question, Petitioner set forth three separate grounds in support of why, in his view, the Circuit Court committed legal error in allowing the State to use Petitioner's inculpatory testimony at his District Court trial during the State's case-in-chief at the trial *de novo.* Petitioner grounded his argument on the following constitutionally-based protections: (1) the Fifth Amendment privilege against compelled self-incrimination; (2) the rights to counsel and to present a defense of his choosing, embodied by the Sixth Amendment; and (3) the Fourteenth Amendment entitlement to due process. Petitioner, however, raised in the Circuit Court only the argument based on the Fifth Amendment privilege. He made no mention of either the Sixth Amendment or the Fourteenth Amendment, or any argument

based on those Constitutional provisions.[2] As a consequence, only Petitioner's Fifth Amendment argument is properly preserved for appellate review, and it is only that argument we shall address. *See* Md. Rule 8–131(a).

## II.

The issues raised by this appeal implicate the *de novo* system for adjudicating less serious criminal cases in Maryland. We therefore begin by examining that system.

The District Court of Maryland was created in 1971 following ratification of a constitutional amendment by the voters of the state. *See* Md. Const. Art. IV, §§ 1 and 41A through 41–I; CJ § 1–601 *et seq.*; Chapter 789 of the Acts of 1969; Chapter 528 of the Acts of 1970. This uniform, limited jurisdiction tier[3] of Maryland's state court system replaced the "hodgepodge of magistrates, justices of the peace, People's Courts, the Municipal Court of Baltimore City and the Housing Court of Baltimore County." *Thompson v. Giordano*, 16 Md.App. 264, 267, 295 A.2d 881 (1972). Yet, the right to a trial *de novo* in the Circuit Court on appeal from a judgment of a court of limited jurisdiction long predates the inception of the District Court. *See, e.g., McDonald v. State*, 314 Md. 271, 275, 550 A.2d 696 (1988) ("Historically, review of decisions rendered in courts of limited jurisdiction have been subject to de novo review in the circuit courts."); *Harper v. State*, 312 Md. 396, 404–05, 540 A.2d 124 (1988) ("An appeal from a trial

---

**2.** Petitioner was clear in his brief before this Court that his Fourteenth Amendment due process argument was "free-standing," rather than simply a reference to the Due Process Clause of the Fourteenth Amendment, which makes applicable to the states the Fifth Amendment privilege against self-incrimination and the rights to counsel and to present a defense embodied in the Sixth Amendment. *See, e.g., Malloy v. Hogan*, 378 U.S. 1, 6, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *Gideon v. Wainwright*, 372 U.S. 335, 340–42, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Washington v. Texas*, 388 U.S. 14, 17–19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

**3.** See generally Maryland Code (1974, 2013 Repl.Vol.), §§ 4–101 through 4–405 of the Courts and Judicial Proceedings Article ("CJ"), addressing the jurisdiction of the District Court.

court of limited jurisdiction to a trial court of general jurisdiction in Maryland has traditionally meant a trial de novo in the latter court."); *Borden Mining Co. v. Barry*, 17 Md. 419, 428–29 (1861) ("Under our law regulating appeals from judgments of justices of the peace, the cause is taken up *de novo* in the appellate court, and disposed of in the same manner as if no judgment had been rendered. . . .").

▮▮▮ The right of *de novo* appeal persists today. "A defendant convicted in the District Court of Maryland is guaranteed a right to appeal that conviction to the circuit court." *Garrison v. State*, 350 Md. 128, 135, 711 A.2d 170 (1998). "[I]n an appeal from the District Court, when a criminal defendant requests an appeal de novo, he generally receives a new trial virtually automatically; whether the appeal is meritorious is simply not relevant in that context." *Id.* at 138, 711 A.2d 170; *see Burch v. State*, 278 Md. 426, 428, 365 A.2d 577 (1976) (noting that Maryland law "grants to a criminal defendant, without qualification, the right to appeal from a final judgment in the District Court"); *see generally* CJ §§ 12–401 through 12–404 ("Review of Decisions of District Court").[4] CJ § 12–401(f) explains:

---

4. In certain cases, a criminal defendant may avoid a trial in the District Court altogether by demanding a jury trial in Circuit Court. CJ § 4–302(e) provides:

   *Jury trial.*—(1) The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

   (2)(i) Except as provided in subparagraph (ii) of this paragraph, unless the penalty for the offense with which the defendant is charged permits imprisonment for a period in excess of 90 days, a defendant is not entitled to a jury trial in a criminal case.

   (ii) Notwithstanding the provisions of subparagraph (i) of this paragraph, the presiding judge of the District Court may deny a defendant a jury trial if:

   1. The prosecutor recommends in open court that the judge not impose a penalty of imprisonment for a period in excess of 90 days, regardless of the permissible statutory or common law maximum;

   2. The judge agrees not to impose a penalty of imprisonment for a period in excess of 90 days; and

   3. The judge agrees not to increase the defendant's bond if an appeal is noted.

*De novo and on record appeals.*—In a civil case in which the amount in controversy exceeds $5,000 exclusive of interest, costs, and attorney's fees if attorney's fees are recoverable by law or contract, in any matter arising under § 4–401(7)(ii) of this article, and in any case in which the parties so agree, an appeal shall be heard on the record made in the District Court. *In every other case, including a criminal case in which sentence has been imposed or suspended following a plea of nolo contendere or guilty, and an appeal in a municipal infraction or Code violation case, an appeal shall be tried de novo.*

(Second emphasis added). *See also* Md. Rule 7–102 (describing "[m]odes of appeal" from a District Court judgment).

We have recognized that "the historical reason most frequently assigned for perpetuating de novo appeals, following the creation of the District Court of Maryland, is to enable persons who could not afford a transcript of the record the opportunity to have adverse judgments rendered by the District Court subject to a second look." *Huff v. State,* 325 Md. 55, 72, 599 A.2d 428 (1991). Despite criticism of the *de novo* system, both past and present,[5] "the legislature's commitment to de novo review has remained." *McDonald,* 314 Md. at 277, 550 A.2d 696.

"It is generally accepted that [the term] 'de novo' means 'afresh' or 'anew.' " *Hardy v. State,* 279 Md. 489, 492, 369 A.2d 1043 (1977). Indeed, allowing a trial *de novo* gives a criminal defendant a "brand new bite at the apple," *Garrison,* 350 Md. at 138, 711 A.2d 170, "as if charges had not been heard before and no decision had been rendered," *id.* at 136,

---

(iii) The State may not demand a jury trial.

**5.** In 2012 and again in 2013, bills were introduced in the General Assembly proposing to change the standard of review—from *de novo* to "on the record"—for certain appeals to the Circuit Court following a District Court proceeding. *See* S.B. 454 & H.B. 536 (Md. General Assembly, 2012 Reg. Sess.); S.B. 403 & H.B. 1063 (Md. General Assembly, 2013 Reg. Sess.); H.B. 586 (Md. General Assembly, 2013 Reg. Sess.). None of those bills were enacted into law.

711 A.2d 170 (quoting *State v. Jefferson,* 319 Md. 674, 681, 574 A.2d 918 (1990)). A defendant convicted in District Court can invoke his right to a trial *de novo* as an added layer of protection, forcing the State twice to prove the defendant's guilt beyond a reasonable doubt. *Cf. Justices of Boston Mun.Court v. Lydon,* 466 U.S. 294, 312, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984) (describing the advantages of Massachusetts's then-in-effect two-tier trial system, including that "a defendant is given two opportunities to be acquitted on the facts").[6]

In providing for the right to a trial *de novo* in the Circuit Court in criminal cases, "the Legislature intended that the appeal be treated as an original circuit court proceeding." *Hardy,* 279 Md. at 494–95, 369 A.2d 1043. "The common meaning of a de novo hearing is a 'new hearing of a matter, conducted as if the original hearing had not taken place' and requires a 'reviewing court's decision of a matter anew, giving no deference to a lower court's findings.'" *In re Marcus J.,* 405 Md. 221, 234, 950 A.2d 787 (2008) (quoting Black's Law Dictionary 738 (8th ed.2004)). The Circuit Court at the trial *de novo* "receive[s] evidence and make[s] determinations of facts as though no prior proceeding had occurred." *Id.* at 234–35, 950 A.2d 787. Consequently, "the State and the defendant, if they so choose, normally must produce evidence a second time. Additionally, the parties in the circuit court de novo trial generally neither are limited to the evidence presented at the District Court trial nor are required to present the same evidence." *Garrison,* 350 Md. at 136, 711 A.2d 170 (citations omitted).

The filing of an appeal to the Circuit Court, however, does not extinguish the District Court judgment. *Stanton v. State,* 290 Md. 245, 249, 428 A.2d 1224 (1981). Rather, "the District Court judgment remains in effect pending the appeal to the

---

**6.** *See State v. Anderson,* 320 Md. 17, 27–28 & n. 4, 575 A.2d 1227 (1990) (finding the Supreme Court's analysis in *Lydon* applicable to the case before it, despite the differences between Maryland's *de novo* scheme and the Massachusetts two-tier system).

circuit court, unless and until superseded by a judgment of the circuit court or a disposition by *nolle prosequi* or stet." *Stone v. State,* 344 Md. 97, 104, 685 A.2d 441 (1996); *see* Md. Rule 7–112(b) (same).

## III.

Petitioner's first argument focuses on the meaning of the term *"de novo,"* as it is employed in CJ § 12–401(f). In his view, the *de novo* system contemplated by the statute bars the State from using a criminal defendant's admission—made while testifying at a District Court trial—during the State's case-in-chief at the defendant's subsequent trial *de novo* in Circuit Court. Consequently, Petitioner asserts, the Circuit Court committed legal error in allowing the State to make use of his inculpatory testimony in District Court. This argument implicates a question of law, requiring us to undertake an independent review of the legal correctness of the Circuit Court's ruling, without according it any deference. Our independent assessment of the court's ruling leads us to affirm it.

Petitioner's argument relies on the notion that the trial *de novo* is a "brand new bite at the apple," *see Garrison, supra,* undertaken "as if the original hearing had not taken place," *see Marcus J., supra.* Petitioner extrapolates from these phrases in *Garrison* and *Marcus J.* that the District Court proceedings in their entirety are rendered, in effect, a nullity, once a criminal defendant avails himself of a *de novo* appeal. Therefore, according to Petitioner, any admission a defendant makes while testifying in District Court virtually ceases to exist for purposes of the State's use of the admission during its case-in-chief in Circuit Court. As Petitioner puts it, "for all practical purposes, the District Court 'statement' was never made," and it "is shielded from use in the Circuit Court by the design of the de novo statutory scheme." [7]

---

7. In spite of Petitioner's theory that, "for all practical purposes, the District Court 'statement' was never made," Petitioner acknowledges that his testimony in District Court remains viable for at least some purposes. In the Circuit Court, Petitioner conceded that a defendant's

Generally, the *de novo* "appeal shall proceed in accordance with the rules governing cases instituted in the circuit court," Md. Rule 7–112(d)(3), which serves to incorporate the rules of evidence that apply in Circuit Court. Petitioner urges us to adopt, in effect, an exception to those rules, which otherwise would permit the introduction at the trial *de novo* in Circuit Court of a defendant's inculpatory testimony previously given in District Court. *See, e.g.,* Md. Rule 5–803(a).[8]

Our jurisprudence on the meaning of *"de novo"* and the implications of the two-tier trial system do not support the exception Petitioner seeks. We have emphasized consistently that a *de novo* appeal has the effect of ignoring the *judgment* below, but only for the limited purpose of granting a defendant, who was convicted upon trial in the District Court, a second trial. *See Hardy,* 279 Md. at 493, 369 A.2d 1043 ("This Court has consistently treated de novo appeals as wholly original proceedings, that is, as if no *judgment* had been entered in the lower court." (emphasis added)); *Zitzer v. Jones,* 48 Md. 115, 117 (1878) ("On appeals of that kind the case is tried *de novo,* the parties are not restricted to the proof given before the Justice [of the Peace], but the case goes on and is decided as if no *judgment* had been rendered...." (emphasis added)). At the second trial, no deference is accorded to the District Court's factual findings or legal conclu-

District Court testimony could be used for impeachment purposes if the defendant chooses to testify at the trial *de novo.* Petitioner also acknowledged at oral argument before this Court that District Court testimony could be used as the basis of a perjury prosecution. Additionally, Petitioner agreed that, if the defendant's District Court testimony were to lead the State to new evidence or a new theory, nothing would limit the State's use of those byproducts of the defendant's statement.

8. Maryland Rule 5–803(a) provides, in pertinent part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(a) Statement by party-opponent. A statement that is offered against a party and is:

(1) The party's own statement, in either an individual or representative capacity;....

sions. Yet, as we have said, the judgment itself remains in effect until the Circuit Court's final disposition of the case.

The Supreme Court, in describing another state's two-tier trial system, has explained that, in a trial *de novo,* the "[p]rosecution and defense begin anew" and "neither the judge nor jury that determines guilt or fixes a penalty in the trial *de novo* is in any way bound by the inferior court's *findings or judgment."* *Colten v. Kentucky,* 407 U.S. 104, 113, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972) (emphasis added) (rejecting a constitutional challenge to Kentucky's two-tier trial system). The *Colten* Court's description of Kentucky's *de novo* trial system applies with equal force to Maryland's two-tier, *de novo* trial system established by CJ § 12–401. Our *de novo* trial system provides for what is essentially a "do-over" in terms of the findings of fact and judgment of guilt. Contrary to Petitioner's view of it, this statutory scheme does not call for the exclusion of testimony voluntarily given in the District Court trial, as long as that testimony is admissible under our rules of evidence.

In a related statutory argument, Petitioner contends that allowing the introduction of testimony given at trial in the District Court blurs the distinction between a trial *de novo* and an appeal "on the record." *See* CJ § 12–401(f), *supra.* Petitioner argues that the State, if allowed to use a criminal defendant's District Court testimony at the trial *de novo,* is relieved of its burden to put on its case a second time. We disagree.

In contrast with those appeals from the District Court that are reviewed "on the record," [9] in a trial *de novo, see generally* Md. Rule 7–112 ("Appeals heard de novo."), there is a new

---

9. In reviewing a District Court judgment on the record, the Circuit Court acts in an appellate role. *See generally* Md. Rule 7–113 ("Appeals heard on the record."). As such, the Circuit Court is bound by the record below, and must consider the evidence adduced in the District Court trial "in a light most favorable to the prevailing party" below. *Ryan v. Thurston,* 276 Md. 390, 392, 347 A.2d 834 (1975). And in a record appeal, the Circuit Court will not set aside the District Court's findings of fact unless clearly erroneous. *See* Md. Rule 7–113(f).

finder of fact who owes no deference to the District Court's findings or conclusions. Both parties are free to present new evidence or a new theory of the case. *See Garrison*, 350 Md. at 136, 711 A.2d 170. Just as occurs in trials that originate in the Circuit Court, the presiding judge at a trial *de novo* must decide the admissibility of proffered evidence by resort to the applicable evidentiary rules. Md. Rule 7–112(d)(3) ("Except as otherwise provided in this section, the appeal shall proceed in accordance with the rules governing cases instituted in the circuit court."). Likewise, the factfinder at a trial *de novo* makes a fresh determination of the weight to be accorded to any evidence that is admitted. In short, applying the rules of evidence to Circuit Court trials that are the result of a *de novo* appeal in the same manner as they are applied in a trial that originates in that court does not deprive a defendant of the second "bite at the apple" mandated by CJ § 12–401, nor does it convert a trial *de novo* into a record appeal.

The *de novo* trial system in Maryland affords the defendant many benefits, for example, a quicker, less costly resolution of minor offenses, a chance to preview the State's case against him in District Court, and, if the defendant chooses to appeal, a second chance at acquittal. But the purpose and structure of our *de novo* system, as laid out in our statutes, rules, and caselaw, do not require the feature Petitioner seeks, that is, to have his District Court testimony ignored by the State during its case-in-chief in Circuit Court.

For these reasons, we hold that the Circuit Court was legally correct in determining that the *de novo* nature of the trial did not require disallowance of Petitioner's admission, made while testifying on his own behalf at the trial in District Court, that he assaulted the victim.

## IV.

Petitioner separately contends that the Circuit Court's allowing the State to make use of his District Court testimony during the State's case-in-chief violated the Fifth

Amendment's privilege against compelled self-incrimination.[10] This contention, like the first, requires us to make an independent assessment of the legal correctness of the court's ruling.

The parties' stipulation acknowledges that Petitioner waived his Fifth Amendment privilege in District Court by testifying on his own behalf. "[W]here there is no evidence to the contrary, it will be presumed that the evidence so given was voluntary." *Henze v. State,* 154 Md. 332, 347, 140 A. 218 (1928). There has been no suggestion that Petitioner's decision to testify in the District Court was involuntary.

Petitioner acknowledges "the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *Harrison v. United States,* 392 U.S. 219, 222, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). Indeed, "[a] defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives." *Id.; see Edmonds v. United States,* 273 F.2d 108, 112–13 (D.C.Cir.1959) ("The fact that the defendant does not take the stand at the second trial does not prevent the use of his testimony given at the former trial, if it would otherwise be admissible."); *Henze,* 154 Md. at 347, 140 A. 218 (holding that, when a defendant had testified at a former trial "of his own volition," the testimony is admissible at a later proceeding). "If this were not so, voluntary confessions could never be used where the accused declines to take the stand." *Adams v. State,* 200 Md. 133, 144, 88 A.2d 556 (1952) (describing the Court's holding in *Henze* ). Thus, Petitioner does not dispute that, in the normal course, when a Circuit Court judgment is reversed on appeal and remanded for a new trial, any testimony voluntarily made by the defendant at the prior Circuit Court trial could be admitted against him in the retrial without offending the Fifth Amendment.

---

**10.** The Fifth Amendment provides: "No person shall ... be compelled in any criminal case to be a witness against himself...." U.S. Const. am. V.

Instead, Petitioner argues that a trial *de novo* in Circuit Court is unlike a retrial after appellate reversal, such that the application of the *Harrison* rule here would violate the Fifth Amendment. In Petitioner's view, the Circuit Court's allowing the State to introduce his District Court testimony during the State's case-in-chief effectively forces him to waive in Circuit Court the privilege against compelled self-incrimination and renders compelled, post hoc, the testimony he gave in District Court. In support, Petitioner cites *Hardy v. State,* 279 Md. 489, 369 A.2d 1043 (1977), for the proposition that a defendant's de facto waiver of a fundamental right in District Court—here, waiver of the Fifth Amendment privilege by the election to testify—cannot be held against the defendant when he requests a trial *de novo* in the Circuit Court.

We examined in *Hardy* the effect of a defendant's decision to proceed to trial in District Court on the exercise of that defendant's right to a jury in the trial *de novo* in Circuit Court. Lillian Hardy was charged in District Court with shoplifting goods valued at less than $100, a misdemeanor. *Id.* at 491, 369 A.2d 1043. Because the maximum punishment for that offense was more than three months, she was entitled to demand a jury trial and have her case removed to Circuit Court. *Id. See* CJ § 4–302(e), *supra* note 4. She did not exercise that right, and instead was tried and convicted in District Court. *Hardy,* 279 Md. at 492, 369 A.2d 1043. In her trial *de novo* in Circuit Court, the court denied her request for a jury trial. *Id.*

On appeal to this Court, the State argued that Ms. Hardy's failure to "elect[ ] to have her case removed to the circuit court for a jury trial" from the District Court "amounted to a waiver of her right to a jury trial on appeal." *Id.* at 495, 369 A.2d 1043. We rejected that argument, observing that "the Legislature intended that the [*de novo* ] appeal be treated as an original circuit court proceeding." *Id.* at 494–95, 369 A.2d 1043. We held that "a criminal defendant, appealing from a District Court judgment, has a right to a trial by jury in the circuit court de novo proceedings regardless of the seriousness of the criminal charges or whether he or she could have

elected a jury trial" under CJ § 4–302. *Id.* at 496, 369 A.2d 1043.

*Hardy* is inapposite to the case before us. Petitioner's Fifth Amendment privilege not to incriminate himself was alive and well in the Circuit Court, notwithstanding that he had chosen to waive the privilege in District Court by electing to testify at that trial. Petitioner in fact elected to exercise his Fifth Amendment right not to testify in Circuit Court and so could not be forced to take the stand or bear witness against himself at that proceeding. Petitioner's District Court testimony, not compelled at the time it was given, did not transform into compelled testimony when later introduced in Circuit Court.

We view Petitioner's situation at the trial *de novo* to be no different, in this respect, than that of a defendant who faces retrial after reversal of the prior conviction on appeal. The applicable rule in the latter situation was well expressed by the Court of Appeals for the District of Columbia Circuit, in *Edmonds:* "[A] defendant in a criminal case who takes the stand in his own behalf and testifies without asserting his privilege against self-incrimination thereby waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case." 273 F.2d at 112–13. We see no good reason, and Petitioner has given us none, for applying any different rule to the situation in which he found himself. Petitioner's constitutional argument fails, as does his argument grounded in the text of CJ § 12–401.

**JUDGMENT OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY AFFIRMED. COSTS IN THIS COURT TO BE PAID BY PETITIONER.**